*Walters & Redfearn,* contra.

---

## GRIGGS v. THE STATE.

1. The court did not err in charging the jury that "One who slays for no other reason than that he is provoked by words, threats, menaces, or contemptuous gestures is guilty of murder." The law is thus declared in substance in the Penal Code.
2. Where the accused shot and killed another person, the fact that he was immediately thereafter himself shot by a third person tends in no

way to illustrate the character of his act, where it does not appear that at the time he fired the fatal shot there was any conspiracy between the decedent and the third person, or that they were acting with a common purpose, or that the accused fired under circumstances reasonably calculated to excite his fears that there was a common intent and purpose on the part of the decedent and the third person to inflict injury upon the accused. A charge containing instructions to the jury in accordance with the principle of law here stated was not erroneous.

3. The portion of the charge excepted to on the ground that it contains an expression of opinion by the trial judge, and that it is argumentative, is not open to this criticism.

4. The court did not err in omitting from the charge the provisions of § 65 of the Penal Code, which contains the law of voluntary manslaughter.

5. The request to charge contained in the 5th ground of the amended motion for a new trial was not authorized by the evidence.

No. 742. JUNE 15, 1918.

Indictment for murder. Before Judge Morris. Gilmer superior court. December 1, 1917.

*John R. Cooper, A. H. Burtz, A. N. Edwards,* and *William Butt,* for plaintiff in error.

*Clifford Walker, attorney-general, Herbert Clay, solicitor-general,* and *M. C. Bennet,* contra.

BECK, P. J. Oscar Griggs was tried under an indictment charging him with the murder of Tom Defore. The jury returned a verdict of guilty, with a recommendation. A motion for a new trial was overruled, and to this judgment the defendant excepted.

1. The portion of the charge dealt with in the first headnote is a substantial restatement of the law contained in the Penal Code, § 65 (second sentence), relating to voluntary manslaughter.

2. Exception is taken, in one ground of the motion for a new trial, to the following charge of the court: "Now, something has been said before you, and certain evidence has gone before you, concerning the shooting by Charley Griggs of this defendant. If you believe that Charley Griggs shot this defendant after the defendant had killed Tom Defore, and that Charley Griggs did not participate in the difficulty between Defore and the defendant on trial, and the shooting of the defendant after he had slain the deceased, by Charley Griggs, who appeared on the scene after the homicide, and had no connection with the inception of the fatal affray, if you believe he fired upon the accused there under the impression that he would thereby protect the falling man from

further injury, or from motive of revenge on account of the homicide of Defore, and he had nothing to do with the killing by the accused, then you will not let that influence you one way or the other.  In other words, trying to make myself clear: if you believe that the difficulty between Defore and this defendant had already occurred, and this defendant had killed Defore, and Charley Griggs had nothing to do with the fight and did not participate in any way, but he got into it after the killing of Defore and shot the defendant, Griggs, you will not let that influence you one way or the other in determining the question of the guilt or innocence of Oscar Griggs as to the killing of Defore." This charge is criticised upon the ground that it deprived the defendant of his right "to defend his own life against the joint attack made upon him by two men, Tom Defore [the decedent] and Charley Griggs," the third person who shot and wounded the accused.  This exception is without merit, because there was no evidence of any conspiracy between Defore and Charley Griggs, or any understanding, intent, or purpose upon their part to kill or injure the accused; and the accused nowhere in his statement contended that at the time he fired, inflicting the wound which took the life of Defore, he was aware of or had reason to apprehend that Charley Griggs would or was about to shoot him.  Under these circumstances the fact that Griggs did approach and, almost immediately after the accused killed Defore, fired upon the slayer, would not tend to lower the grade of the crime committed by the slayer, if independently of the fact that he was fired upon by Charley Griggs the shooting of Defore was a crime.  If Charley Griggs and Defore were not acting in concert and not executing a common enterprise or purpose, the act of the accused in slaying Defore must be judged of by what took place between the slayer and the slain at the time of and immediately preceding the homicide.  If, without provocation on the part of Defore that would justify or mitigate the crime, the defendant shot and killed Defore, the killing would not be rendered justifiable nor reduced to voluntary manslaughter by the fact that Charley Griggs, of his own independent volition and not acting actually or apparently in concert with Defore, fired upon the accused, although such an act upon the part of Charley Griggs might render him guilty of an offense against the criminal law.  This case differs materially from those cases that

deal with the situation brought about where a defendant under attack by one person is approached by a third person under circumstances which render him apprehensive that he is to be the victim of an assault by two, and, acting under the influence of the fears thus produced he wounds or kills one of his assailants. In the situation supposed, of course the jury in passing upon the question of the defendant's guilt, the intent being an ingredient of the offense, would take into consideration all of the circumstances, including the conduct of the third person who came upon the scene when the accused was engaged in a difficulty with another. '

3. Complaint is made of the following charge of the court: "You have heard the evidence in the case and the statement of the defendant; and it is for you to say what the truth is concerning it. If you believe that this defendant with malice aforethought, either express or implied, shot and killed Defore, in the manner as insisted upon by the State, at a time when Defore wasn't making an assault upon him, and that Defore was endeavoring to untie his horse and wasn't assaulting or attempting to shoot or assault the defendant in this case, then I charge you the defendant would be guilty of the crime of murder, and it would be your duty to so find." The exception to this charge is that it was an expression of opinion by the trial judge that "the deceased was free from blame; that it is argumentative and most favorable to the State and prejudicial to the rights of the accused." The criticism is without ground. There was evidence tending to show that the accused without provocation shot and killed the decedent. at a time when the latter was making no assault upon the slayer and while he was engaged in the act of untieing a horse that was hitched to a tree. It was not argumentative for the court, after stating these facts in a hypothetical form, to add that if the jury found them to be true under the evidence, and believed that the defendant with malice under those circumstances shot and killed Defore, it would be murder.

4. The court did not err in omitting from his charge the provisions of § 65 of the Penal Code which contains the law of voluntary manslaughter. There was nothing in the evidence submitted at the trial from which the jury would have been authorized to find that the defendant was guilty of the offense of voluntary man-

slaughter; and if the statement of the defendant made a case of voluntary manslaughter, there should have been a request for a charge upon that subject if it was desired. Counsel argue in their briefs that just a short time before the shot which resulted in the death of Defore was fired, and which was fired after the accused and the deceased had left the house of the latter, Defore had drawn a pistol upon the accused and had made an assault upon him. We do not find testimony in the record authorizing this conclusion. Mrs. Defore, who was introduced as a witness by the State, did say that there was a controversy between the slayer and the slain before the shooting while they were in the house; there was, to quote her expression, "some jowering between them about a girl." She also stated that while in the house Defore had a pistol in his hand; but there is not the slightest evidence that he attempted to use this pistol, and the witness expressly testified that he made no threats. He went out of the house after the accused, but expressly denied, according to the testimony, that he was "following" him; and when the decedent was shot, according to the evidence for the State, he was untieing a horse. There was nothing in the circumstances as detailed by the witness to justify the excitement of that sudden, violent, impulse of passion supposed to be irresistible, to which a killing might be attributable and which would reduce the killing from murder to manslaughter. The defendant's statement recited facts making the killing justifiable homicide, and this theory of the case was duly submitted.

5. The court did not err in refusing to give a charge based upon the theory that the decedent and a third person were making a joint attack upon the defendant, and that the defendant, believing that such attack was being made upon him and acting under the fears of a reasonable man thereby aroused, shot and killed the decedent. There was nothing in the evidence or in the statement of the accused to authorize the charge.

*Judgment affirmed. All the Justices concur.*