### BORN, executor, *v.* SIMMONS.

SIMMONS, C. J.   By a power of attorney which authorizes the agents "to transact all such business as I may not be able to attend to in person, to take charge of and attend to the collection of all my outstanding debts, . . . to look after the collection of rents, make division of crops with tenants, make such compromises and settlements as, in their judgment, is for my interest, make sale of such property as I may desire to dispose of from time to time, and generally to do and perform all acts that I might do were I in good health ; and, for this purpose, . . to sign my name to bonds, receipts, and such other papers as may be necessary in the transaction of the business heretofore set forth," the agents are not given power to purchase mules and wagons and give promissory notes therefor. The general words in the power must be construed with reference to the specified objects to be accomplished and limited by the recitals made in regard thereto.   Mechem, Agency, §§ 306 – 308; *Claflin* v. *Continental Works*, 85 *Ga.* 27, and cases cited.

*Judgment reversed.    All the Justices concurring.*

Argued July 23,— Decided August 8, 1900.

Complaint.    Before F. F. Juhan, judge pro hac vice.    City court of Gwinnett.    July term, 1899.

*C. H. Brand* and *T. M. Peeples*, for plaintiff in error.
*N. L. Hutchins*, contra.