## WHITE *v.* YOUNG.

1. A formal power of attorney, executed with deliberation, is subject to a strict construction. General terms in it are restricted to consistency with the controlling purpose, and will not extend the authority so as to add new and distinct powers different from the special powers expressly delegated.

2. A written power authorizing an attorney in fact to enter upon certain described land, to claim and demand possession thereof, to institute such suits as to the attorney should seem proper for the recovery of such land, and, if necessary, to employ counsel to prosecute such suits, does not include the power to employ counsel to defend suits brought by other parties

to recover the land after possession of it had been obtained, or to institute a proceeding to enjoin certain persons from trespassing on the land.

3. This is true although the power of attorney may contain the general expression, " and generally to do such acts and things as my said attorney deems necessary in the premises, ratifying whatever my said attorney may lawfully do in the premises."

Argued April 14,—Decided May 11, 1905.

Complaint.     Before Judge Roberts.     Rabun superior court. December 21, 1904.

W. D. Young brought suit against Sara E. White on an open account containing a number of items.     Some of them were for amounts paid to an attorney for defending title to certain land, and for a fee and expenses for instituting proceedings to enjoin parties from trespassing on the land. The verdict was against the defendant, and she moved for a new trial. The presiding judge refused a new trial, upon condition that the plaintiff should write off a portion of the verdict, which was done, and the defendant excepted.

*J. C. Edwards, Payne & Tye,* and *Winfield Jones,* for plaintiff in error. *Robert McMillan,* contra.

LUMPKIN, J. (After stating the facts.) The brief of evidence in this case is not clear, nor is it easy to determine how the presiding judge arrived at the amount which he required to be written off from the verdict. It is evident, however, that the right to incur at least a portion of the expenses claimed by the plaintiff in the account depended upon a power of attorney given by the defendant to W. D. Young on September 5, 1883, which contained the following provisions: "I, Sara E. White, of the city and State of New York, have made and constituted and appointed, and by these presence do make, constitute, and appoint W. D. Young, of the county of Rabun and State of Georgia, my sufficient attorney for me and in my name to enter upon certain lots of land [describing them] and possession of the same to claim and demand for me in my name. To institute such actions as to my said attorney shall seem proper for the recovery of said lands; if necessary, to employ counsel to prosecute the same, and generally to do all such other acts and things as my said attorney deems necessary in the premises, hereby ratifying whatever my said attorney may lawfully do in the premises." This was a formal power of attorney, appa-

rently deliberately executed, attested and recorded. It will therefore be strictly construed, in view of the controlling purpose; and the addition of general words will not be construed to extend the authority, so as to add new and distinct powers different from those expressly delegated. *Claflin* v. *Continental Works*, 85 *Ga.* 42, and cit.; *Vaughn* v. *Simmons*, 111 *Ga.* 869.

Power to the agent to recover possession of certain property, to institute suits therefor, if necessary, and to employ counsel to prosecute the same, contemplates a recovery of property not in the possession of the maker of the power. After recovery has been had, such a power of attorney does not continue indefinitely of force, so as to authorize the attorney in fact to defend a suit which may at some future time be brought by others seeking to recover the land, or for the purpose of enjoining persons who may in the future trespass upon it, and to incur expenses and employ an attorney in such suits.

It appears that the presiding judge charged the jury as follows: "I charge you, that an agent who has discharged his duty is entitled to his commission (but in this case the parties are not suing for commission), and all necessary expenses incurred about the business of his principal. If he has violated his engagement, he is not entitled to commission, though it is not contended in this case, that the agent has violated his engagement." This appears to be good abstract law, but it is not well to charge the jury about matters which are not in the case; and if a contention is in fact in a case, it is erroneous to charge that it is not. Some of the items in the account other than those mentioned may not have been very clearly shown by the evidence, but as a new trial is to be had, it is unnecessary to rule further than as set forth above.

*Judgment reversed. All the Justices concur, except Candler, J., absent.*