### 9644. FARMERS WAREHOUSE COMPANY v. BUTTS.

BROYLES, P. J. 1. A formal power of attorney is subject to a strict construction. General terms in it are restricted to consistency with the controlling purpose, and will not extend the authority so as to add new and distinct powers different from the special powers expressly delegated. *White* v. *Young*, 122 *Ga.* 830 (51 S. E. 28).

(a) General words in a power of attorney must be construed with reference to the specified objects to be accomplished, and limited to the recitals made in regard thereto. *Born* v. *Simmons*, 111 *Ga.* 869 (36 S. E. 956), and cases there cited.

2. A power of attorney to execute "a mortgage and a lien" on crops is no authority for the execution of a bill of sale conveying the title to the property for the purpose of securing a debt. This is true although the power of attorney may contain the general expression, "to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises." *White* v. *Young*, supra.

3. The bill of sale offered in evidence was properly excluded on the ground that the power of attorney relied on as authorizing it did not authorize its execution.

4. The bill of sale having been properly excluded from the evidence, the direction of a verdict for the defendant was not error.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*

DECIDED OCTOBER 22, 1918.

Trover; from Baldwin superior court—Judge Park. February 12, 1918.

*D. S. Sanford, E. R. Hines,* for plaintiff.

*Allen & Pottle,* for defendant.