### 12211.   MARSHALL et al. v. GUINN.

Forfeiture of the rights of the plaintiffs to commissions as agents under the new contract between them and the defendant did not affect the right to commissions on renewal premiums under the older contract transferred to the plaintiffs by the former agent, Stuart.

DECIDED JANUARY 18, 1922. REHEARING DENIED FEBRUARY 16, 1922.

Action for money had and received; from Fulton superior court — Judge Pendleton. January 12, 1921.

*F. P. McIntire, R. Low Reynolds, Dorsey, Shelton & Dorsey,* for plaintiffs.

*Candler, Thomson & Hirsch,* for defendant.

LUKE, J. This case was tried by the judge of the superior court, upon an agreed statement of facts, without the intervention of a jury. The agreed facts are substantially as follows. In January,

1913, Guinn, as general agent of a life-insurance company, entered into a written contract with Stuart, whereby Stuart was appointed as a district manager for certain counties, and was permitted to solicit insurance and appoint agents in counties named in the contract. The contract provided that Stuart was to have a certain brokerage commission on the different policies written in his territory from the first annual premiums paid on the policies. The contract further provided that he was to be allowed a commission of 5% on the first, second, third, fourth, fifth, sixth, seventh, eighth, and ninth renewal premiums on certain designated policies; and 3% on the first, second, third, fourth, fifth, sixth, seventh, eighth, and ninth renewal premiums on certain other policies. This renewal commission was to be paid by the general agent when the premiums were actually collected by him. There was a provision of the contract that Stuart was to furnish a certain amount of paid-for insurance during these years as a condition to the right to these commissions. It was provided in the contract that should Stuart leave the service of the company, the 5% commission should be reduced to 4% and the 3% commission should be reduced to 2%. The contract provided that all monies collected by Stuart should be held in trust for Guinn as general agent, and the contract further provided that upon a failure to account honestly for all sums of money so collected by Stuart, Guinn should have authority to cancel the contract, and all rights to renewal commissions would thereby become forfeited to Guinn as such general agent. The contract provided that no assignment of it should be made except upon the agreement of Guinn. Stuart, working under the contract, became entitled to large sums of money under the renewal-commission clause of the contract. By agreement with Guinn, Stuart transferred the contract to a bank as collateral for a loan. After Stuart had been operating under this contract until some time in 1918, he wished to to leave the services of Guinn as a general agent, and transfer his contract to prospective purchasers of it. In February, 1918, Stuart, with the written assent of Guinn, transferred the contract to Aldrich & Marshall, conveying to them all right, title, interest, and benefits under the contract, subject only to the amount due by Stuart to the bank hereinbefore referred to. Aldrich & Marshall, with the written assent of Guinn, then transferred the contract to another bank, as security for an additional loan, granting to that bank the right and

authority to receive all sums of money to become due to them under the contract by reason of their rights to the renewal commissions referred to in the contract. Subsequently to the assignment to the bank, the sums of money so borrowed were paid, and notation of the bank upon the same appears. After the contract was so transferred with Guinn's written assent, Guinn entered into another contract, whereby Aldrich & Marshall were named as district managers and were given additional territory within which they were entitled to procure life-insurance business. The new contract provided for certain renewal commissions for a more limited time than that named in the contract with Stuart. The contract with Aldrich & Marshall has similar provisions with respect to the collection of premiums upon policies of insurance, and carries with it the same right to forfeiture by Guinn upon the failure of Aldrich & Marshall to account honestly for such money received by them as agents. It appears that one of the members of the firm of Aldrich & Marshall entered the service of the government, and the business interest was left to the care of the other. It appears that certain premiums upon life-insurance were collected by the remaining member of the firm and were not paid to Guinn as the contract required.

Under the terms of the contract, because of a failure to honestly account for the trust funds collected by Aldrich & Marshall, the contract entered into in 1918 was cancelled and all rights thereunder terminated, and the commissions earned forfeited. Guinn also notified Aldrich & Marshall that the Stuart contract and all rights and interests thereunder were also cancelled, and that the renewal commissions accumulated thereunder would stand as forfeited. Suit was brought by Aldrich & Marshall upon the Stuart contract for money had and received. Issue was joined by the plea of Guinn, and it was contended by him that both contracts were subject to cancellation and that all accrued rights thereunder were forfeited. The plaintiffs admitted Guinn's right to cancel the contract entered into with them, but denied his right to cancel the Stuart contract, which for a valuable consideration they had purchased, with the right to the accrued and accumulating renewals to which Stuart had become entitled up to the time of the sale of the contract and his severance of his connection with Guinn as district manager. Upon this agreed statement of facts the judge of the superior court deter-

mined that Guinn was authorized to cancel both contracts, and rendered judgment in favor of the defendant.

Upon the agreed statement of facts it was error to hold that Gwinn had the right to cancel or terminate the accrued and accumulating interests under the Stuart contract. A consideration of the agreed statement of facts is conclusive that Aldrich & Marshall were entitled to the accrued and accumulating renewal commissions, notwithstanding their other contract with Guinn. The rights under the Stuart contract and the interests therein were neither lessened nor increased by the new contract of agency with them. It was not necessary for Aldrich & Marshall to contract further with Guinn in order to be entitled to the benefits arising under the Stuart contract. The right to all benefits under the Stuart contract ripened when it was, with the assent of Guinn, transferred and assigned unto them. Aldrich & Marshall had no right, by reason of the Stuart contract, to represent Guinn in any capacity. Aldrich & Marshall did not act as district managers or represent Guinn in any capacity by reason of the Stuart contract. The contract with Aldrich & Marshall was a new contract of agency, upon different terms. Under our view of this statement of facts, Aldrich & Marshall are entitled to the renewal premiums, upon the terms of the Stuart contract. Guinn as agent is liable under the Stuart contract for all of such renewal commissions as may have accumulated according to its terms, subject, of course, to Guinn's right, upon appropriate pleadings, to recover such amounts as he may show that Aldrich & Marshall are indebted to him by reason of money had and received, to which he is by law entitled.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

### ON MOTION FOR REHEARING.

Luke, J. One of the contentions of the defendant in his motion for a rehearing is that the court overlooked the fact, as shown by the record, that the premiums collected by Aldrich & Marshall, and in which they defaulted, were not premiums on business written by them but were premiums on business written by Stuart.

The real question in this case is, by what authority did Aldrich & Marshall collect renewal premiums for the insurance company? The record shows that authority to collect renewal premiums was first given to Aldrich & Marshall at a time approximately two

months subsequent to their appointment as district agents, and not until after they had given bond. Then it was for the first time that renewal-premium receipts were forwarded to Aldrich & Marshall and the policy-holders directed to pay renewal premiums to them instead of to the general agent.

The other ground of the motion for a rehearing is without merit and requires no elaboration.

*Motion for rehearing denied. Broyles, C. J., and Bloodworth, J., concur.*