## GUINN *v.* MARSHALL *et al.*

1. The court did not err in sustaining the ground of demurrer attacking the sufficiency of the amended answer, which sought reformation of the instruments containing the contract between the parties upon the ground of mutual mistake of law.
2. The court erred in excluding evidence offered by the defendant to sustain the allegations in his plea that the two contracts under consideration and another written instrument constituted but one contract, and that there were not two separate and independent contracts.
3. With the evidence admitted which the court erroneously excluded, a case would be made requiring a submission to the jury of the defendant's contention that there were not two separate and distinct contracts but only one contract. And if the jury found that in fact there was only one contract made, though two in form, then under proper instructions from the court they should pass upon the issue as to whether the plaintiff was entitled to recover.

No. 3536.   September 26, 1923.

Reformation of contract.   Before Judge Bell.   Fulton superior court.   October 10, 1922.

*Candler, Thomson & Hirsch,* for plaintiff in error.

*F. P. McIntire* and *Dorsey, Shelton & Dorsey,* contra.

Per Curiam. The case of *Marshall* v. *Guinn* was first tried in the superior court of Fulton County, before Judge Pendleton, upon an agreed statement of facts. The judge trying the case upon the law and the facts, without the intervention of a jury, made a finding in favor of the defendant and rendered a judgment accordingly. This was, by writ of error sued out, carried to the Court of Appeals for review. The case is *Marshall* v. *Guinn,* 28 *Ga. App.* 78 (110 S. E. 630). The judgment of the trial court was reversed by the Court of Appeals; and upon the next trial, additional evidence being introduced, the judge, after the conclusion of the evidence and argument of counsel, directed a verdict for the plaintiff, and the defendant in the case, by bill of exceptions duly filed, brings that judgment to this court for review. Amendment to the plea of the defendant, praying for certain equitable relief, gives jurisdiction to this court to review the judgment of the court below. It is unnecessary to make a recital of the facts in the case as set forth in the agreed statement of facts upon which the trial judge, at the first trial, heard the case; they are set forth in substance in the opinion of the Court of Appeals (28 *Ga. App.* 78), and the same agreed statement of facts was submitted on the last trial.

By amendment to his answer filed after the judgment of the

court below was reversed by the Court of Appeals and the case remanded for another hearing, the defendant, Guinn, set up the contention that he did not terminate Stewart's contract, but that Aldrich & Marshall were to succeed Stewart, assuming all the obligations which Stewart had assumed, subject to some slight amendments with reference to future business; that in preparing papers to carry out this agreement there was prepared, first, the transfer from Stewart to Aldrich & Marshall; second, Guinn's consent to this transfer; third, a new contract between Guinn and Aldrich & Marshall, copy of which was attached; fourth, a transfer from Aldrich & Marshall to the Savannah Bank of the Stewart contract as security for funds, and which transfer to the bank contained the following clause: "We further agree, as part consideration of the loan above referred to, to perform all of the services and fully carry out and comply with every obligation imposed upon us as transferee under the said contract;" fifth, consent of Guinn to this transfer to the bank. Copies of the papers were attached to this amended answer. Guinn further set up in the amended answer that each and all of the foregoing papers, numbered one to five, were signed and consented to by him at the same time and place on the 18th day of February, 1918, although they were dated at different dates. He further alleged that it was the mutual understanding of all parties that these papers were intended to effect a substitution of Aldrich & Marshall as agents in Stewart's place, and were understood and intended to be only one entire and complete contract, and he asked that they be so construed as one contract, that they be reformed in equity so as to be combined in one contract, expressing a relation between himself on one part and Aldrich & Marshall on the other for the carrying on of a life-insurance agency and creating a relationship under which past, present, and future business was to be taken care of under one agency contract. This amended answer of Guinn was allowed subject to demurrer. Demurrer was filed. Among the grounds of demurrer were the following: (1) that the amendment offered no defense to plaintiff's petition; (2) that the amendment, together with the original answer, set for no defense to plaintiff's petition; (3) that the amendment did not set forth facts upon which a mutual mistake of law could be predicated; (9) that the amendment was contrary to the ruling of the Court of Appeals. Upon

argument of the demurrer, the court sustained the third ground. In the same order the court overruled the first, second, and ninth grounds of the demurrer, thereby establishing it as the law of the case (the defendant insists) that the original answer as amended did set forth a defense to plaintiffs' petition, and was not contrary to the previous decision of the Court of Appeals. The defendant specially excepted to the judgment of the court sustaining the third ground of the demurrer, and we will now consider that exception.

1. The part of the amendment to the answer to which the ground of the demurrer last referred to relates is as follows: "And defendant further says that in the event said three instruments can not, under the law, be construed as one contract, then, that in the drafting of said three instruments a mutual mistake of law was made as to the legal effect of the said three instruments, which operates to the serious disadvantage of this defendant, and does not truly set out and express the contract agreed upon, in that said three instruments, separately construed as three separate and distinct contracts, do not have the same legal effect nor give to the parties the same legal rights and obligations as it was intended by all parties should be done; and defendant prays that said instruments be reformed and combined into one contract so as to correctly set out the contract agreed upon between plaintiffs and defendant." It is clear from a reading of this part of the amended answer, attempting to plead a mutual mistake of law, that it is open to the attack made by the demurrer. The defect in the answer setting up mutual mistake of law is not cured by any of the allegations in the preceding paragraphs of the amended answer. Allegations of conversations between the parties and negotiations can not be construed in aid of defective allegations as to mutual mistake; for prior negotiations and stipulations in parol are merged into the written contract finally executed. Nor does the answer show that by mutual mistake any material recital or stipulation was omitted which would have given to the contract a form in accordance with the understanding of both parties, a meeting of whose minds is essential to the making of a contract. Section 4575 of the Code reads as follows: "Mere ignorance of the law on the part of the party himself, where the facts are all known, and there is no misplaced confidence, and no artifice or

deception or fraudulent practice is used by the other party either to induce the mistake of law or to prevent its correction, will not authorize the intervention of equity." Section 4576 is in the following language: " An honest mistake of the law as to the effect of an instrument on the part of both contracting parties, when such mistake operates as a gross injustice to one, and gives an unconscientious advantage to the other, may be relieved in equity." There is nothing in the allegations of this amended answer to show that there was a mistake of law as to the effect of the instrument actually signed " on the part of both contracting parties;" at any rate, not such a mistake as operates as a gross injustice to one and gives an unconscientious advantage to the other. In the case of *Delaware Ins. Co.* v. *Penn. Ins. Co.*, 126 *Ga.* 380 (55 S. E. 330, 7 Ann. Cas. 1134), it was said:  " Where a proceeding is brought for the purpose of reforming a written contract, ' the instrument which is sought to be reformed should be set forth in the bill, so that from it and the allegations in the bill of complaint it may clearly appear that it does not conform to the real contract made by the parties. The bill should also show the particular mistake or the fraud and mistake complained of, and how it occurred.' Van Zile's Eq. Pl. & Pr. § 419. ' It is not sufficient to allege that it was the intention of the parties to make an instrument that would accomplish a certain object, and ask the court to make a writing that will accomplish that object.' 18 Enc. Pl. & Pr. 824;   *Wall* v. *Arrington*, 13 *Ga.* 88, 92;   *Marshall* v. *Drawhorne*, 27 *Ga.* 275;   *Ligon* v. *Rogers*, 12 *Ga.* 286;   *Smith* v. *Brooks*, 65 *Ga.* 356;   *Bell* v. *Americus Railroad*, 76 *Ga.* 755.   ' If a clause which the petitioner claims should have been inserted in the contract is not one which the parties agreed on and omitted through mistake, but merely one which ought as a matter of propriety to be inserted, a court of chancery will not interfere; it not being within its province to make or ameliorate contracts for parties.' " See also the case of *Kight* v. *Gaskins*, 139 *Ga.* 379, 382 (77 S. E. 390). The principle laid down in the early decisions, that a court of equity will exercise the power of reforming instruments with caution and only when a proper case is made by the pleadings, has been consistently followed.

2. During the progress of the hearing, while the defendant Guinn was on the stand, certain questions were propounded to

him, and the plaintiff objected to the questions or the answers, and the objections were sustained. The ruling out of the evidence thus sought to be elicited was excepted to. The first of these questions propounded to the defendant or his counsel was as follows: "When you signed these three papers, to which I have just referred (to wit, (a) the consent to the transfer by Stewart, (b) the consent to the transfer of the same to the Savannah Bank by Aldrich & Marshall, and (c) the new contract with Aldrich & Marshall), what was the understanding between you and Aldrich & Marshall as to whether these papers were three separate and distinct contracts, or whether they constituted one complete contract?" To this question a general objection was interposed by plaintiff's counsel. Defendant's counsel then stated that he expected the witness to answer that the mutual understanding of the parties was that all the papers constituted one complete contract; and the court thereupon sustained the objection. The second question propounded to defendant by his counsel was as follows: "Did you ever negotiate with Aldrich & Marshall, as a separate and distinct thing, an agreement to allow them to become transferees of the Stewart contract, without reference to whether or not they should continue as your agents?" To which he answered, "I did not." The question and answer were objected to and the objection sustained.

We are of the opinion that the court erred in refusing to allow the witness to answer the first question and in sustaining the objection to the second question and the answer thereto. In one part of his amendment to his answer the defendant pleaded that it was the mutual understanding of all parties that these papers were intended to effect a substitution of Aldrich & Marshall as agents in Stewart's place, and were understood and intended to be one entire and complete contract. This part of the amendment to the defendant's answer had been demurred to, and the demurrer was overruled. One of the grounds of demurrer was that "the facts contained in the amendment are res adjudicata, and are determined by the opinion of the Court of Appeals in said case" (adversely to the defendant). No exception was taken by the plaintiff to the judgment of the court overruling his demurrer, and consequently, under the amended plea as it thus stood when the demurrer was overruled, it was competent for the plaintiff to show that the

papers referred to did not constitute separate and distinct contracts but constituted one entire contract. The evidence tended to support the allegations in the amendment to the answer, and the court erred in excluding it.

Another question was as follows: " Under the Stewart contract, when it was first made in 1913, who collected the premiums that came due on the insurance business in Savannah?" To which question the plaintiff's counsel objected on the ground that the same was irrelevant and did not illustrate any issue in the case. Defendant's counsel informed the court that he expected the witness to answer that Stewart collected the premiums for some three years after the contract was made, and held them as a trust fund and remitted them to the defendant; that in 1916 Stewart made an arrangement to borrow money from a Savannah bank, which was the arrangement in existence at the time he transferred his contract to Aldrich & Marshall; and that this bank, as a condition of making the loan, required that the premiums should not be collected directly by Stewart, but that the bank itself should collect them and remit to the defendant, Guinn, his part; and that afterwards the bank had asked the defendant, Guinn, to continue the collections for them, holding Stewart's part thereof as security for their loan to Stewart. The court then sustained the objection of plaintiff and refused to allow the testimony which defendant sought to put in, as above stated. This evidence which it was proposed to elicit from the witness should also have been admitted as a circumstance tending to establish the fact that the understanding in regard to these contracts was as the defendant contended. And the same ruling is applicable to the evidence offered, but which was excluded, to show how notices for premiums due were sent out and when they were sent out by the New England Mutual company with reference to the Savannah business.

3. With the evidence admitted which the court erroneously excluded, a case would be made requiring a submission to the jury of the defendant's contention that there were not two separate and distinct contracts but only one contract. And if the jury found that in fact there was only one contract, made, though apparently two in form, then under proper instructions from the court they should pass upon the issue as to whether the plaintiff was entitled to recover.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Beck, P. J., dissenting.*

BECK, P. J., dissenting. Being of the opinion that nothing in the evidence submitted by the defendant took the case without the ruling made by the Court of Appeals that the two contracts in question were separate and distinct contracts, and that the evidence rejected was not competent nor sufficient by itself or in connection with that admitted to show that a different construction of these papers was required, I am compelled to dissent from the ruling of the majority as made in the second and third headnotes. I am authorized to say that RUSSELL, C. J., concurs in this dissent.