## 14732.  HARGROVE *v.* ARMOUR FERTILIZER WORKS.

1. A mere general agency to conduct the business of farming will not include the power to execute on behalf of the principal a security deed upon a part of the farm to secure a renewal of past-due notes given by the agent for fertilizers used in the farming operations, nor will a written power of attorney couched in terms general and uncertain, though executed under seal, confer authority to execute on behalf of the principal a sealed note.  "The principal cannot be thus bound without specific authority accompanying the execution of the contract."  Applying this ruling, the verdict found for the plaintiff on the first count was without evidence to support it.

2. If duties and responsibilities involving the management and control of a business are imposed by a person upon another, the latter will be presumed to have authority to represent his employer in any matter within the scope of the business.  Where such a business is that of farming, it may be held as a matter of law that the purchase of fertilizers on account, for use in the farming operations, is a matter within the scope of the business.  Under this ruling the court did not err in giving the charge referred to in the second division of the opinion.

(*a*) Apparently a verdict upon the second count, a quantum valebat, would have been authorized.

(*b*) For the reasons stated in the first headnote and in the corresponding division of the opinion, the court erred in overruling the defendant's motion for a new trial.

DECIDED DECEMBER 10, 1923.

Complaint; from city court of Americus—Judge Harper.  May 18, 1923.

*R. R. Jones,* for plaintiff in error.  *D. H. Redfearn,* contra.

BELL, J.  Armour Fertilizer Works sued S. J. Hargrove upon a promissory note, and has shown in his petition that the note was secured by a deed to certain described lands in Terrell county. There are two counts in the petition, the second being upon a quantum valebat.  The jury returned a general verdict for the plaintiff upon the first count, and the court entered a general judgment for the amount sued for, with a special lien against the land. A motion for a new trial was filed by the defendant, which was refused, and he excepted.

1. The motion for a new trial contains a number of special grounds, but our disposition of the case upon the general grounds will be controlling of all the special grounds save one assigning error upon an excerpt from the charge of the court.

The note sued on was signed, "S. J. Hargrove, by his attorney in fact, H. H. Hargrove."  The security deed was signed in like manner.  Each instrument was under seal.  The following power

30

of attorney was offered in evidence by the plaintiff and admitted: "Georgia, Terrell county.

"Know all men by these presents that S. J. Hargrove has fully constituted, made, and appointed, and by these presents does make, constitute, and appoint H. H. Hargrove of Lee county, Georgia, my true and lawful attorney in fact, for me and in my name, place, and stead, to H. H. Hargrove giving and granting unto the said attorney full and complete power and authority in and about the premises, and generally to do and perform all and every act and acts, thing and things, device and devices, in the law whatsoever needful and necessary to be [done] in and about the premises, and for me and in my name to do, execute, and perform as largely and amply, to all intents and purposes, as I might do or could do were I personally present; hereby ratifying and confirming all that my said attorney or substitute shall lawfully do by virtue hereof. In witness whereof I have hereunto set my hand and seal, this the 11th day of December, 1917.

"(Signed)   S. J. Hargrove (Seal).

"Signed, sealed and delivered in the presence of:

"Witnesses:   M. J. Yeomans, Mrs. B. C. Perry, N. P. Terrell county, Georgia."

It will be noticed that the power of attorney was executed under seal. It is contended by the plaintiff in error that this instrument did not confer any power to execute the note or the deed. The contention refers both to the subject-matter of the instruments and to the fact that they were executed purportedly under seal. The defendant in error replies by saying that the so-called power of attorney constitutes the grantee therein a general agent; that the power is not void, but merely ambiguous; that the ambiguity was explained by parol, and that the instrument, being itself under seal, was a sufficient authority for the execution of the sealed note and the security deed upon which the plaintiff's verdict and judgment rest.

We concur most heartily in the suggestion that the instrument is both general and ambiguous. It is so replete with generality that the quality ceases to be a virtue. It lapses by excess into the vice of uncertainty and indefiniteness. Assuming, however, that the instrument is not void, but merely ambiguous, let us examine it in the light of the evidence admitted for the purpose of

explaining the ambiguity.  S. J. Hargrove, the defendant, about
the time of the execution of the so-called power of attorney, was
leaving for South America, to be gone for an indefinite period of
time.  He owned a farm in Lee county and one in Terrell county.
He had returned, however, at the time of the trial, and he testified
in his own behalf.  His brother, H. H. Hargrove, was introduced
as a witness for the plaintiff.  It was inferable from the evidence
of the two that the defendant desired his brother, H. H. Hargrove,
to manage and operate the farms as a general agent during the
defendant's absence, though the defendant himself sought to show
that the Lee-county farm was to be operated under a partnership
relation between them.  H. H. Hargrove assumed the control of
both farms, operating the Lee-county farm in the name of his
brother and leasing the Terrell-county farm to others.  In 1919,
as the representative of the defendant, he bought and used on the
Lee-county farm several tons of fertilizer, but was unable to pay
for it in full during the year, and renewed the balance of the in-
debtedness by a note.  In 1920 other fertilizers were purchased
for the same purpose, all used on the Lee-county farm, and settled
for with notes due in the fall.  Suit being threatened against S. J.
Hargrove, all of the indebtedness was combined in the note sued
on, to secure which the security deed was simultaneously executed.

Let us say, then, that the subject-matter of the power of attorney
was the control and management of the farms, the one in Lee
county and the other in Terrell.  So considered, the instrument
in our judgment is too general to warrant the execution of the
security deed.  This for two reasons.  First: A power granted in
general terms to another to conduct the business of farming will
not include authority to sell the farm property, thus destroying
both the business and the purpose of the agency.  *Claflin* v. *Con-
tinental Jersey Works, 85 Ga.* 27 (3) (11 S. E. 721).  The deed
to secure debt was pregnant with such result.  "A conveyance of
real estate by a debtor to a creditor, under section 1969 of the
code [Civil Code (1910), § 3306], is an alienation of the property,
operates to pass the title to the premises conveyed, and is not a
mere incumbrance thereon."  *Phœnix Insurance Co.* v. *Asberry,
95 Ga.* 792 (22 S. E. 717).  Where land is conveyed under this
code-section, the right of homestead is lost to the debtor and his
family.  Such a deed will support a recovery in ejectment.  A

title so acquired after four months is not divested by bankruptcy. *Phœnix Insurance Co.* v. *Asberry,* supra. If the debt is not paid at maturity, the grantee is entitled to enter into the possession of the property and collect the rents and profits until a sufficiency has been received to satisfy the debt. *Polhill* v. *Brown,* 84 *Ga.* 338 (9) (10 S. E. 921) ; *Gunter* v. *Smith,* 113 *Ga.* 18 (3) (38 S. E. 374) ; *Marshall* v. *Pierce,* 136 *Ga.* 543 (1) (71 S. E. 893). The results of such a conveyance by an agent or one holding a power of attorney may be actually to surrender the possession of the property. An agent may not thus by indirection "delegate his authority [to operate the farms] to another, unless specially empowered to do so." Civil Code (1910), § 3571. An agent having only general powers cannot waive the right of homestead. *Winkles* v. *Simpson Grocery Co.,* 138 *Ga.* 482 (1) (75 S. E. 640). And yet a security deed does this and more. We think that a power such as the agent or attorney in fact here undertook to exercise must, like the power to borrow money, be conferred in express terms, or be necessarily and inevitably inferred from the very nature of the agency actually created. *Exchange Bank* v. *Thrower,* 118 *Ga.* 433 (1) (45 S. E. 316).

A second reason why we think that the power to execute the deed was not conferred is the fact that it was executed under seal. While it is true that the power of attorney was under seal also, this fact alone was not enough. "The principal cannot be thus bound without *specific authority* accompanying the execution of the contract." (Italics ours.) *United Leather Co.* v. *Proudfit,* 151 *Ga.* 403 (1), 405 (107 S. E. 327) ; *Born* v. *Simmons,* 111 *Ga.* 869 (36 S. E. 956) ; *White* v. *Young,* 122 *Ga.* 830 (1) (51 S. E. 28). A general, loose, uncertain and ambiguous instrument like the one here relied upon as a power of attorney cannot be construed into a grant of the power to execute a sealed instrument. Such authority must be express as to a particular transaction or class.

The defendant in error has suggested that it makes no difference whether the power of attorney authorized the execution of the deed to secure debt,—that the verdict and judgment are sufficiently supported by the note alone. This would be true but for the fact that what we have said with reference to the execution of the deed as a sealed instrument applies equally to the note. "The general words in the power must be construed with reference to the speci-

fied objects to be accomplished and limited by the recitals made in regard thereto." *Born* v. *Simmons,* supra. "A formal power of attorney, executed with deliberation, is subject to a strict construction. General terms in it are restricted to consistency with the controlling purpose, and will not extend the authority so as to add new and distinct powers different from the special powers expressly delegated." *White* v. *Young,* supra. It would not do to apply the rules just quoted too rigidly to the instrument now under consideration, lest it be construed so as to have no meaning or effect whatsoever. Indeed, we believe that with these rules applied, the power attempted to be conferred approaches zero as a limit. There is no grant of a particular power, with reference to which the general words may be considered. An instrument granting a power of attorney must be reasonably certain, or it will be inoperative. 21 R. C. L. 870, 52.

In view of what we have said, it is hardly necessary to add that in our opinion the verdict on the first count was unauthorized.

2. We think the power of attorney, however, was admissible in evidence, but only as a circumstance, though decidedly a material one, in corroboration of the contention of the defendant in error that H. H. Hargrove was the general agent of the defendant for the operation of the farms, and that all the evidence, as stated above, was sufficient to authorize an inference of such agency. The present inquiry does not involve the question of whether such an inference was demanded.

"If a person imposes upon another the duties and responsibilities involving the management and control of a business, such person will be presumed to have authority to represent his employer in any matter within the scope of the business." *Pickens Co.* v. *Thomas,* 152 *Ga.* 648 (1), 650 (111 S. E. 27, 21 A. L. R. 1438). The purchase of fertilizers on account, to be used in the business of farming, may be said as a matter of law to be a transaction within the scope of the business. The court, therefore, in charging the jury that if they found such agency to exist, the plaintiff might recover, if the jury should find that the purchaser of fertilizers was "legitimately" within the scope of the agency, did not err for the reason assigned, namely, that before the plaintiff could recover, the jury should determine that such a transaction was "necessary" to the execution of the powers conferred. Apparently

a verdict on the second count would have been warranted   (*Bacon v. Dannenberg Co., 24 Ga. App. 540 (5), 101 S. E. 699; Civil Code (1910), § 5513*), but this is not a question directly involved, since the verdict was predicated expressly on the first count.

For the reasons stated in the first division of this opinion, the court erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*