BROADFOOT IRON WORKS, INC., v. EUGENE B. BUGG AND E. I. BUGG, TRADING AS WILMINGTON HOTEL.

(Filed 22 May, 1935.)

**Mechanics' Liens A b—Mechanic's lien under C. S., 2435, is based upon retention of possession of property by mechanic.**

Where a mechanic repairs certain personal property at the request of the lessee, and without request or knowledge on the part of the owner, and the mechanic never has possession of the property, but possession is returned to the owner by the lessee upon the termination of the lease, the mechanic may not hold the owner liable for the reasonable value of the repairs, the statute relating to mechanics' liens, C. S., 2435, being applicable only where the mechanic retains possession of the property.

APPEAL by defendants from *Grady, J.,* at October Term, 1934, of NEW HANOVER. Reversed.

This is an action to recover of the defendants for certain repairs made by the plaintiff on articles of personal property owned by the defendants.

At the time the repairs were made the property was in the possession of a lessee of the defendants. The repairs were made at the request of the lessee, and not at the request or with the knowledge of the defendants. The reasonable value of the repairs was $55.50. The lessee admitted his liability to the plaintiff for this amount.

At the date of the commencement of the action the property which had been repaired by the plaintiff was in the possession of the defendants, to whom it had been delivered by the lessee after the repairs were made, upon the expiration of the lease. The property had at no time been in the possession of the plaintiff.

At the close of all the evidence the defendants moved for judgment as of nonsuit. The motion was denied, and the defendants excepted.

Issues were submitted to the jury, and judgment was rendered that plaintiff recover of the defendants the sum of $55.50, with interest and costs. The defendants appealed to the Supreme Court.

*Stevens & Burgwin for plaintiff.*
*McNorton & McIntire for defendants.*

PER CURIAM. There was error in the refusal of defendants' motion for judgment as of nonsuit at the close of all the evidence. There was no evidence tending to show that the defendants are liable to the plaintiff for the repairs made on their property by the plaintiff, at the request of their lessee, and while the property was in his possession.

This is not an action to recover on a lien on personal property under the provisions of C. S., 2435. The statute is applicable only when the property repaired by an artisan or mechanic is in his possession. In such case, the artisan or mechanic may retain possession of the property which he has repaired, at the request of "the owner or legal possessor," until his just and reasonable charges for his work and materials have been paid. *Johnson v. Yates,* 183 N. C., 24, 110 S. E., 630, is readily distinguished from the instant case. In that case it was held that the mechanic who had repaired an automobile at the request of a mortgagor had the right to retain possession of the automobile as against the mortgagee until his reasonable charges had been paid.

The judgment is
Reversed.