## CREDIT INVESTMENT CORPORATION *et al.* v. MADDOX.

No. 10828. MARCH 19, 1936.

*William G. McRae,* for plaintiffs in error.

*Alvin L. Richards* and *Augustine Sams,* contra.

ATKINSON, Justice. 1. "Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised. In the absence of stipulations to the contrary in the instrument, the time, place, and manner of the sale shall be that pointed out for public sales." Code of 1933, § 37-607; *Sims* v. *Etheridge,* 169 *Ga.* 400 (150 S. E. 647) ; *Plainville Brick Co.* v. *Williams,* 170 *Ga.* 75 (152 S. E. 85) ; *Cocke* v. *Bank of Dawson,* 180 *Ga.* 714 (5) (180 S. E. 711).

2. A power of sale in a duly recorded security deed authorized the grantee and assigns, in the event of default, to "enter upon said premises and collect the rents and profits thereof, and may sell the said property at auction at the usual place of conducting sales at the court-house in the county where the land lies, in said State, to the highest bidder for cash, first giving four weeks' notice of the time, terms, and place of said sale, by advertising once a week in a newspaper published in said county, all other notice being hereby waived by said party of the first part (the said second party or any person on behalf of said second party or assigns may bid and purchase at such sale), and thereupon execute and deliver to the purchaser at such sale a sufficient conveyance of said premises in fee simple." A third person without the knowledge of the grantor, by representing to the payee that he had taken over the property, procured a transfer of the debt and security. This was accomplished after maturity of the debt, but at a time when by the terms of a parol agreement between the original parties the debt was not due nor was the payee demanding payment. The transferee caused to be published in a newspaper published in the county, once a week for four weeks, a notice signed by the transferee as "attorney in fact," as follows: "Pursuant to the terms of a power of sale contained in a certain loan deed recorded in deed book 1293, page 282, records of Fulton County, the undersigned as transferee will sell to the highest bidder for cash the property more particularly described in the above-mentioned deed book and page on February 18, 1935, between the legal hours of sale, in front of the court-house of said county." The advertisement failed to attract the attention of the grantor, and the property described in the security deed was exposed to sale and knocked off to the transferee, without the knowledge of the grantor, at a price less than the debt and greatly less than the value of the property. A deed was made to the said transferee, and two days later the grantee in said last-mentioned deed executed a conveyance to a fourth person upon a purported consideration alleged to be fictitious, it being further alleged that the several acts were in pursuance of collusion between the parties to acquire the property fraudulently and secretly for less than its value. *Held:* (*a*) The allegations sufficiently charged that the published notice was insufficient, and that there was no valid exercise of the power of

sale, and that the deeds to the purchaser and his grantee were void.

(*b*)  In a suit by the maker of the note and security deed, upon discovery of the facts, for injunction and to set aside the sale and subsequent deeds, the petition as amended alleged a cause of action, and the judge did not err in overruling the demurrer by the last grantee.      *Judgment affirmed. All the Justices concur.*

GILBERT, Justice, concurring specially.   The advertisement in the newspaper failed to state the name of the grantor, or to designate the property intended to be sold, except by mere reference to the book and page of the public records.   It failed to state the name of the person for whom the purported attorney in fact proposed to make a sale.   In these circumstances the publication was no advertisement within the meaning of the power of attorney; and consequently the purported sale at auction and the deed to the purchaser are void as to such purchaser and his grantee, alleged to be in collusion in the commission of a fraud.