CRAWLEY vs. RICHARDSON, trustee.

Where, in 1863, a testator, by his will, bequeathed all his property to a woman in trust for the sole and separate use of her son, and provided that if he should die before he should arrive at twenty-one years of age, his mother should have the use of the property for life, and after her death, it should go to two friends of the testator, thus creating an executory trust continuing until the son attained his majority; and where, after the death of the testator, the surviving member of a firm, of which the testator had been a member, conveyed the property in dispute, and his grantee and those holding under him held adversely for more than seven years, prescription ran against the trustee, and she being barred, the minor son likewise was barred.

78 213
106 780

December 21, 1886.

Trusts and Trustees. Prescription. Before Judge BOYNTON. Newton Superior Court. March Term, 1886.

Crawley *vs.* Richardson, trustee.

Reported in the decision.

MIDDLEBROOKS & EDWARDS, for plaintiff in error.

SIMMS & SIMMS, for defendant.

BLANDFORD, Justice.

This was an action to recover a certain tract or parcel of land in the town of Covington, Newton county. It was shown that one Hyer owned this land. He made a deed to one undivided two-thirds interest in the same to John C. Nichols and Wm. Graves. A partnership was afterwards formed between Hyer, Nichols and Graves, and a shop was placed upon the land by the firm. Graves made his will in 1863, and by the same conveyed all his property to Ellen J. Crawley, in trust for the separate and sole use of Charles B. Crawley, the plaintiff; and if said Charles B. should die before he arrived at twenty-one years, it was provided that his mother, Ellen J. Crawley, should have the use of the same for her life, and after her death the same was to go to Byrnes and Youngkins, his friends. Graves died soon after the making of the will. John C. Nichols, after the death of Hyer and Graves, as sole surviving partner of Hyer, Nichols & Graves, sold the land to Mary Nichols, in 1868, and the same was regularly conveyed to Richardson, trustee, the defendant; and there had been more than seven years' adverse possession in Richardson, and those under whom he claims, before the commencement of this action.

Did the will of Wm. Graves create an executory trust in Ellen J. Crawley for plaintiff? If it did, then the plaintiff could not recover; otherwise, he could recover. The whole property, by the will, was devised to Ellen J. Crawley in trust for Charles B. Crawley, and if he died before twenty-one, she was to have the use of it for life, and then it was to go to his friends. This was a trust in Ellen J. during the minority of Charles B.; it was executory, that

is, continuing until he attained his majority; and there be-ing a right of action in the trustee to recover this property, the prescription ran against the trustee, and as she was barred before plaintiff became of age, he was likewise barred, the prescription being complete. So that the verdict is right, and under the facts, no judgment could be had for plaintiff.

Judgment affirmed.