RAY *v.* HOME & FOREIGN INVESTMENT AND AGENCY COMPANY, LIMITED, *et al.*

1. Where a deed to realty expressly recites that it is made to secure a specified promissory note payable to the grantee or order, and confers upon "the holder of said note" a power of sale, it is sufficiently certain that such deed intended to confer and did confer this power upon the original grantee therein, whether, as matter of law, the power would, or would not, pass to his assignee of the note.
2. In the execution of such power by the grantee, it is not indispensably essential to the validity of a sale made thereunder that he should be actually present and personally conduct the sale.
3. One who, in dealing with a foreign corporation, borrows its money and secures the loan by a deed to realty containing a power of sale, is estopped from denying the right of such corporation to have this power conferred upon it, or to exercise the same when conferred; nor will it be presumed, in advance, that such corporation, in the exercise of the power of sale, will not act through a duly authorized officer or agent.

January 20, 1896.

Petition for injunction. Before Judge Lumpkin. Fulton county. September 27, 1895.

The petition of Ray alleged: On February 11, 1892, he executed to the Home & Foreign Investment & Agency Company, Limited, a deed to three parcels of land in Fulton county, Georgia, describing them. Said company is a foreign and alien corporation, having its principal office and officers at Norwich, England. The deed was given, and it so recites, to secure the payment of a promissory note, with interest and cost of collection, made by petitioner to said company, for $2,000 to become due February, 1897. The

deed further recites, that should there be any default in the payment of principal or interest when due, then the holder of said notes shall have the right to proceed at law or equity to collect the note and realize on said security, "or shall have the further right, power and authority to sell said property herein described, at public outcry, to the highest bidder, at the court-house door in said county, . . after advertising the same once a week for four weeks, and convey the same by deed to the purchaser in as full and ample a manner as said party of the first part might do if personally present, and apply the proceeds of said sale, or so much thereof as may be necessary, to the satisfaction of the principal, interest and attorney's fees that may be due on said note, as well as the cost of advertising said property for sale, and all other such reasonable expenses and charges as may be necessarily incurred in bringing said property to sale and conveying the same to the purchaser; and the said party of the second part shall pay over the surplus, if any, to said party of the first part or his assigns."   To said principal note were attached five coupon notes for the annual interest; the first fell due February 1, 1893, and was duly paid; the second and third for $160 each fell due February 1, 1894 and 1895 respectively, and remain unpaid.   Said company and its attorneys, Payne & Tye, wrongly claim that it or they have the right under said power of sale to sell the land and with the proceeds pay said coupon notes and the principal note before the principal note becomes due, and have advertised the land for sale on the first Tuesday in August, 1895, at public outcry for said purpose, and threaten and intend to sell the same on said day.   Said power of sale is not given to the company or its attorneys, but to whoever might at the time of default be the holder of the notes; and as said holder is not named, and was not, at the time of executing the power, fixed and determined, the power of sale is void for uncertainty, and the company has not the right to sell the property as advertised.

If the power is not void for uncertainty, it is a personal trust and cannot be executed by the corporation unless the officer or member of the company who is to execute it be named therein.   If it should be construed that the company as the holder of the note has the right under the deed to execute the power of sale, petitioner charges that the company has no authority under its charter to act as the agent of another in selling lands outside Great Britain, and has no right to sell the lands as advertised.   The company by its president or proper officer will not be in Atlanta, Ga., on the first Tuesday in August, or at any time when the property will be sold under said power, to sell the land under said power, as advertised; but threatens and intends to have the land sold by its said attorneys, which right is not given to it under said power of sale.   The deed further recites, that if said note and the interest due thereon shall be paid, according to the tenor and effect thereof, when the same shall become due and payable, or afterwards and before the actual sale of the property, with accrued expenses and attorney's fees, the property shall be reconveyed by said party of the second part to the said party of the first part, his heirs, etc.   Under said terms of the deed, petitioner has a right to a reconveyance of the land upon payment of the principal and interest due upon the note when the principal note has become due, to wit, on February 1, 1897, or afterwards if before actual sale, and the company has not the right under the power of sale to sell the lands before said date.   The coupon interest notes, together with the principal note, are made payable at the Gate City National Bank, Atlanta.   The coupon notes have never been presented at that bank for payment, nor has payment been there refused, and the company has not the right, under the terms of the power of sale, to sell the land until the coupon interest notes have been presented for payment and payment refused in accordance with the contract.   The lands are worth $3,600 more than the amount due on the note,

and if the company or its attorneys are permitted to sell the same as advertised, on account of the doubt about their rights to execute said power of sale, they will be sacrificed. A sale of the land by the company and its attorneys and the deed made thereunder will be void, but will cast a cloud over the title of petitioner and greatly damage the market value of the land, and will lead to extended litigation. He prays for injunction against the company and its attorneys and agents, restraining them from proceeding further to sell the land under said advertisement.

The answer admitted that the company was a foreign corporation; insisted that the parts of the deed quoted should be taken in connection with the other parts of the same; denied that the company or its attorneys had not the right to execute the power of sale; and averred that, by reason of the non-payment of interest, it had the right to declare the whole debt as due, etc.

Upon the hearing petitioner put in evidence the advertisement for the sale of the land. This advertisement stated, among other things, that default in the interest notes due February 1, 1894, and February 1, 1895, having been made, the company exercised its power of sale as provided for in the deed, and will execute title to the purchaser thereof. Petitioner introduced also the original note. This was made payable to said company or order at the Gate City National Bank of Atlanta, according to the tenor and effect of said note and of five coupons attached thereto. It was made payable February 1, 1897. It provided that, "if any part of the principal or interest is not paid at maturity, it shall bear interest thereafter at the rate of eight per cent. per annum, payable annually; and if any interest remains unpaid twenty days after due, the principal shall become due and collectible at once without notice, at the option of the holder." It recited that it and the coupons attached were secured by a deed to real estate, and were made under and were to be construed in accordance with the laws of Geor-

gia in which said realty is situated. Also, the coupon notes attached. Also, the original deed. This deed stated that it was given to secure the payment of a certain promissory note with interest and all costs of collection, etc. Then followed the provision as to the right to proceed to collect should there be any default in the payment of the principal or interest when due, followed by the power of sale, and by the provision as to reconveyance set out in the petition. The defendant introduced no evidence.

The injunction was denied, and plaintiff excepted.

*W. R. Hammond* and *L. R. Ray*, for plaintiff.
*Payne & Tye*, for defendants.

ATKINSON, Justice.

The facts appear in the official report.

1. It was urged upon this court, as one of the reasons why injunction should have been granted by the circuit judge, that the power to sell, being conferred generally upon "the holder of the note" to secure which the deed was given, was too indefinite as to the personnel of the donee of the power to admit of its exercise by any one. Whatever may have been the force of that proposition as applied to one who became by assignment or indorsement the holder of the note, we encounter no difficulty in holding that the person sought to be enjoined was the very person upon whom the power was expressly conferred. The primary object sought to be accomplished by the execution of the deed was to secure to the payee of the note its payment, and by direct agreement with the payee, the power was conferred upon the holder. The word "holder" at the date of the execution of the deed meant the payee. The note has never been assigned, and its payment is sought to be enforced through the execution of the power by the particular person upon whom it was expressly conferred.

2. To the proposition that the actual personal presence of the donee of such a power is not essential to the validity

of a sale thereunder, but that the sale itself may be conducted by him through an agent or auctioneer, we deem it only necessary to refer to the decision of this court in the case of *Palmer* v. *Young*, 96 *Ga.* 246.

3. The plaintiff in error borrowed the money of the defendant corporation, and to secure the payment of the sum loaned, executed the note and deed and conferred the power now sought to be exercised in its collection. Upon the faith of the power as well as the deed the money was loaned, and upon the commonest principles of justice and equity, no great rule of public policy being involved or violated, the borrower should not, without restitution of the money, be permitted to repudiate the power, either by suggesting the want of capacity upon the part of the corporation to receive, or its charter right to exercise such a power. It is also suggested that the power could not be delegated by the corporation to its attorney at law to manage the sale, but there are certain discretionary duties which devolve upon it, in connection with the election to exercise the power, which are incapable of delegation. We do not think this fact presents an obstacle to the further progress of the sale; for, even if this contention were well founded (and that it is, is not admitted), it is a sufficient reply that the court will not in advance presume that the creditor will not be represented by a person clothed with ample authority to execute the power and to protect its interest.

*Judgment affirmed.*