## GARNER *v.* COHEN.

*Simmons, C. J.*—It was error to strike, on the ground that the same was insufficient in law, an affidavit of illegality filed as a defense to the foreclosure of a chattel mortgage given to secure the payment of promissory notes, the affidavit alleging facts showing failure of consideration in the notes, and also setting up a set-off against the plaintiff's demand.          *Judgment reversed.*

April 27, 1896. Argued at the last term.

Affidavit of illegality. Before Judge Reese. Hancock superior court. February term, 1895.

An execution issuing from the foreclosure of a chattel mortgage in favor of L. Cohen against F. Garner was levied upon an engine, saw-mill with belting and fixtures, a road-cart and a buggy. Defendant interposed an affidavit of illegality, which was stricken as insufficient in law. The grounds of illegality were: (1) Defendant is not indebted to plaintiff as alleged against him. (2) Defendant signed the mortgage sued on and the notes under the following circumstances: On July 5, 1892, he had purchased of S. G. Lang one 12 H. P. Farquhar engine, one No. 3 Farquhar saw-mill, with 48 inserted tooth, Atkins saw and belting and fixtures, for the sum of $1,049.96, represented by three notes, $344 due Oct. 1, 1892; $346.32 due January 5, 1893, and $359.64 due July 5, 1893, said notes reserving the titles to said property, duly recorded July 5, 1892, and payable at Louis Cohen's bank in Sandersville, Ga., which were negotiable. Defendant paid off and took up the first of said notes on or before July 1, 1893, and executed the mortgage sued on and the two notes secured by it, in lieu of two notes for same amount named above, and in consideration of them, to Louis Cohen, in his presence and in the presence of the said S. G. Lang, under agreement that said two notes were to be surrendered. After obtaining possession of said last mortgage or note, Louis Cohen and S. G. Lang declined to surrender said first mentioned notes, stating that they did not have them at the time, and also declined to surrender the mortgage and notes just executed, which said failure and refusal operates as a fraud on the rights of the defendant, practiced in their procurement, and they are therefore without legal consideration and are void. Said outstanding notes, being negotiable, and duly recorded, are a legal claim against defendant, and reserving the title in the holder, unless they are surrendered. Defendant is advised he had no right to execute the mortgage and notes sued on; would not have done so but for their promised surrender. (3) Defendant paid to S. G. Lang $20 over and.

above the first note, taken up July 1, 1893, which was to have been credited on the second note, and also on the note in lieu of it, payable to Cohen; and is surprised that said credit has not been made as it should have been. Defendant also transferred a note of A. Johnson to S. G. Lang for $73, under an agreement that $50 was to be applied to a private account of S. G. Lang and the balance to said note, which note of Alonzo Johnson has been collected by S. G. Lang and said payment has not been so applied. This agreement was in writing, dated December 9, 1893. Defendant also paid to Louis Cohen at his bank, the place where all these notes were payable, $150 February 16, 1894, for which no credit has been recorded; and defendant expressly charges that there is and has been all the time collusion between S. G. Lang and Louis Cohen.

*Lewis & Moore*, for plaintiff in error.