## FLECK *et al.* v. ELLIS.

PER CURIAM. 1. A deed which conveyed certain realty to C. "as guardian of" K. M. F., F. F., and A. F., "minors, of the county of Fulton, Ga.," created C. a trustee for the minors named, and a trust estate in the property described. The words quoted are not merely descriptio personæ. See *Wadley* v. *Oertel*, 140 *Ga.* 326, 330 (78 S. E. 912); *Trust Co. of Ga.* v. *Wallace*, 143 *Ga.* 214 (84 S. E. 538); *Humphrey* v. *Johnson*, 143 *Ga.* 703 (5, 6), 704 (85 S. E. 830).

(a) The trust created by this deed is a dry or passive trust, and would be executed as the minors respectively reached majority.

(b) In such case prescription would run against the trustee who held the legal title, in favor of one who purchased such realty at a foreclosure sale, from the date of sale and adverse possession thereunder from the

Ga.)

OCTOBER TERM, 1915.

**733**

purchaser. See *East Rome Town Co.* v. *Cothran,* 81 *Ga.* 359 (2), 365 (8 S. E. 737). See also *Crawley* v. *Richardson,* 78 *Ga.* 213.

2. Accordingly, where several persons owning realty as tenants in common procured a loan on the same, and executed a note for the amount borrowed and a deed to the land to secure its payment, and the lender made a bond for title to the borrower; and where an equitable petition was filed in the circuit court of the United States for the northern district of Georgia, to foreclose the papers as an equitable mortgage, and notice of the subpœna was served on all the makers except one who resided out of the State,. and as to her the notice was by publication; and where pending the foreclosure proceedings the non-resident maker conveyed, on February 3, 1902, her four-ninths undivided interest in the realty in Atlanta, Ga., to C. as guardian of the minors referred to in the first headnote, and the deed was recorded in Fulton county, Ga., May 20, 1902; and where under the decree of foreclosure the land was advertised and sold by commissioners appointed for that purpose, and E. was the purchaser of the land at the sale on December 2, 1902, and went into adverse possession and so remained until July 18, 1914, when the minors (two of whom had arrived at age, the other by next friend) brought suit to recover the interest conveyed by the trust deed, it was not error to sustain a demurrer to the petition on the ground that the suit was barred. In such a case the purchaser at the foreclosure sale had acquired a good title by prescription. *Knorr* v. *Raymond,* 73 *Ga.* 749, 773; *Parrott* v. *Dyer,* 105 *Ga.* 93-96 (31 S. E. 417); *Wright* v. *Hill,* 140 *Ga.* 554-564 (79 S. E. 546); *McCrary* v. *Clements,* 95 *Ga.* 778 (22 S. E. 675). This ruling being conclusive of the case, it is unnecessary to decide whether the doctrine of lis pendens applied to the grantee in the trust deed.

*Judgment affirmed. All the Justices concur.*

FEBRUARY 23, 1916. REHEARING DENIED MARCH 2, 1916.

Equitable petition. Before Judge Bell. Fulton superior court. November 5, 1914.

*Dean E. Ryman* and *Frank A. Doughman,* for plaintiffs.

*Wimbish & Ellis* and *King & Spalding,* for defendant.