## McCOOK *v.* KENNEDY.

Where one executes a deed to secure a debt and in the conveyance creates a power of sale in the grantee, and the latter subsequently transfers the evidence of debt in the form of certain promissory notes and transfers the security deed by endorsing thereon the following words: "For value received I hereby transfer the within mortgage deed to J. L. Kennedy," but does not execute any further conveyance of the title to the transferee, the latter is not vested by such a transfer with the legal title to the land and can not exercise the power of sale. Where he attempts to exercise any such power, equity will enjoin him from so doing, upon the petition of the original owner, the grantor in the security deed.

NOVEMBER 15, 1916.

Petition for injunction.  Before Judge Searcy.  Pike superior court.  January 7, 1916.

A deed to secure a debt was executed by Mrs. M. E. McCook to Mrs. A. T. Holt on December 27, 1910.  In the conveyance it was stipulated that the instrument was intended to be effective as provided in sections 3306 and 3310 of the Code of Georgia.  It was also stipulated that if the debt to secure which the deed was made should not be promptly paid at maturity, the grantee would be authorized to sell at public outcry before the court-house door, to the highest bidder for cash, all the property conveyed, to pay the principal and interest of the debt and expenses of the proceedings, after duly advertising the time, place, and terms of sale. Subsequently the notes representing the debt were transferred without recourse to J. L. Kennedy.  Claiming that the debt was not paid at maturity, Kennedy, in attempted exercise of the power of sale contained in the deed, advertised the property for sale.

The grantor in the deed filed an equitable petition for injunction, claiming that a large part of the debt had been paid, offering to pay the balance upon accounting, and pleading that there was usury in the debt. Upon the hearing the court denied the interlocutory injunction, and the petitioner excepted.

*Redding & Lester,* for plaintiff.  *E. F. Dupree,* for defendant.

BECK, J. (After stating the foregoing facts.) The general exception to the judgment of the court refusing the interlocutory injunction prayed raises the question, without a more specific assignment of error, as to whether or not the judgment could properly be rendered under the evidence in the case. Counsel for plaintiff in error contend in their brief that there is no evidence in the record showing such a transfer of the title to the property conveyed by the deed in question to the plaintiff as would authorize him to exercise the power of sale contained in the deed. There was a transfer on the back of the deed in the following language: "For value received I hereby transfer the within mortgage deed to J. L. Kennedy." There was no other transfer or evidence of an attempt to transfer or convey the title of the land to plaintiff. This transfer of the deed was not such a transfer of the title to the land conveyed by the deed as would authorize the transferee to exercise the power of sale. He could not exercise any power of sale, for the simple reason that he could not transfer title to the purchaser at such sale. The mere transfer of the deed in the language quoted did not put in him a title which he could convey to any subsequent purchaser. "While the transfer of negotiable promissory notes secured by an absolute conveyance of land made under section 1969 et seq. of the code, although the transfer be made by indorsement of the payee without recourse upon him, will not discharge the land from the incumbrance placed upon it by the deed, yet a mere written transfer, indorsed upon the deed, of the deed itself and the rights of the grantee therein (the payee of the note) will not pass title to the land out of him and into the indorsee of the notes, so as to enable the latter to convey the land back to the debtor who executed the deed to secure the notes." *Henry* v. *McAllister,* 93 *Ga.* 667 (20 S. E. 66). "Where a grantee in a deed made an endorsement thereon, headed with the name of the county and State, and continuing, 'I [naming such grantee], of the county and State aforesaid, for value

received do hereby transfer the within and foregoing deed to [naming a firm] of the same place,' dated, signed, and attested like a deed, and recorded, this was not sufficient of itself to convey the legal title from the transferer to the transferees. *Henry v. McAllister,* 93 *Ga.* 667 (20 S. E. 66) ; *Horton v. Murden,* 117 *Ga.* 72, 75 (43 S. E. 786)." *Tillman v. Bomar,* 134 *Ga.* 660 (68 S. E. 504). Inasmuch as the defendant had no title to the land which he could convey, he should not have been permitted to sell under the power. If he sold and conveyed, the conveyance would not have put title in the purchaser at the sale, and it might have been a cloud upon the title.

It is unnecessary to discuss other reasons advanced for enjoining the sale. Those already stated are conclusive. As. long as the property remains in the status indicated by this record, the legal title is in Mrs. Holt, Mrs. McCook's grantee. This ruling does not necessarily preclude the holder of the evidence of debt which Mrs. McCook executed to Mrs. Holt from enforcing his legal claims against the property in question, but it does prevent his enforcing his claims by the method elected by him when he attempted to exercise the power of sale.

*Judgment reversed. All the Justices concur.*