### 10159. BISHOP *v.* BRANTLEY.

BLOODWORTH, J. 1. The motion to dismiss the writ of error is overruled.

2. The court did not err in overruling the demurrer to the defendant's answer.

3. In the brief of counsel for the plaintiff in error the ground of the motion alleging that "the court erred in denying the motion of plaintiff's counsel to direct a verdict for the plaintiff" is expressly abandoned: "The refusal to direct a verdict is not error in any case." *Dudley* v. *Isler,* 21 *Ga. App.* 615 (2).

4. When read in connection with the rest of the charge of the court, the excerpt complained of in the motion for a new trial is without error.

5. There was evidence to support the verdict.

> *Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*
> DECIDED APRIL 22, 1919. REHEARING DENIED MAY 16, 1919.

Complaint; from Campbell superior court—Judge Smith. August 30, 1918.

Bishop sued Mrs. Brantley on her promissory note payable to E. B. Strickland or bearer, for $204 and interest, dated January 9, 1914. She pleaded in substance as follows: In 1911 she bargained to Strickland a certain house and lot for $2,250, receiving from him a part of the money and his promissory notes of stated amounts for the remainder, and delivering to him her bond to make title to him to the property on full payment of the purchase-price. These notes are due and unpaid. They were pledged by her to the Fairburn Banking Company as collateral security for a loan, and after two of them had become due she urged Strick-

land to pay them, and he proposed to her to adjust the matter by surrendering to her the bond for title and the house (of which he was then in possession), she to deliver up to him his notes and to give to him her note for $200 and interest. She agreed to this, and in pursuance of this agreement executed and delivered to him the note on which this suit is based; and he, not having with him the bond for title, agreed to bring or send it to her and she was then to surrender his notes. He has never surrendered to her the bond for title, and she has been unable to dispose of the said place or to realize on it with the bond outstanding. She could have disposed of it to advantage if the bond had not been outstanding. The consideration of the note sued on has totally failed because of the failure on the part of Strickland to carry out his agreement and surrender to her the bond for title. The plaintiff knew of these facts at the time he received the note. For the reason stated the note is void and the plaintiff is not entitled to recover thereon. The plaintiff demurred to the plea, on the following grounds: (1) It sets forth no legal defense. (2) It shows that the defendant is endeavoring to enforce the alleged contract in part and to rescind in part; and this she can not do. (3) It shows that the defendant did not deliver or attempt to surrender the notes to Strickland or to demand a return of her bond for title; and she is asking to be allowed to keep what she has received under the contract and to repudiate her part of it. (5) The plaintiff demurs specially to the allegations that she has been unable to dispose of the place with the bond outstanding, and would have been able to dispose of it if the bond had not been outstanding.

The charge complained of in the motion for a new trial was as follows: "If, on the other hand, you believe from the evidence that J. C. Bishop, the plaintiff in this case, knew all about this transaction and that he is not a bona fide holder of this note for value without notice, but that he had actual notice of all these matters that the defendant contends [to be] a failure of consideration of this note, and that he knew that the note was not to be binding and valid until the bond for title was returned, and that all these matters were known to him at the time he purchased the note, even though he purchased it before it was due, then he would not be entitled to recover in this case, and your verdict would be for the defendant." The exception to this charge is that it "tended to restrict the jury to only a part of an entire contract; the

evidence showing that the defendant took charge of the property, the only thing of value, so far as the evidence discloses, that she was to receive, and that she had never surrendered or offered to surrender that to the plaintiff during the long period that had elapsed since the trade was made and the defendant gave her note and took possession of the property."

*J. J. Barge,* for plaintiff, cited: Civil Code (1910), § 4306; 62 *Ga.* 729; 96 *Ga.* 126 (1); 121 *Ga.* 511, 513; 142 *Ga.* 29 (7), 433 (3); 144 *Ga.* 441, 511; 143 *Ga.* 563 (2); 20 *Ga. App.* 94 (4).

*J. F. Golightly, J. H. Longino,* for defendant, cited: 1 Corpus Juris, 530, 532-3.