10164. WILSON v. BRICE, guardian.

1. Neither a residuary legatee of a person deceased nor his guardian can maintain an action to enforce the right of contribution of the estate of the decedent, growing out of a cosuretyship. Such a right is a chose in action of the estate and can be exercised only by the personal representative of the estate. This is true although the administrator has paid all the debts of the estate and has fully administered the estate, and has transferred the judgment and execution (the payment of which by the administrator gave him the right of contribution) to the guardian of the legatee, and although, under the will of the decedent, the

legatee was the sole legatee of the residuum of the estate, and the money which paid the judgment and execution referred to would otherwise have gone to the legatee as a part of his legacy. Under such circumstances an action against another for contribution could be maintained only by the administrator of the estate, and could not be assigned to any other person, except by a sale ordered by the ordinary as a part of the administration of the estate. *Smith* v. *Turner*, 112 *Ga.* 533 (37 S. E. 705); *People's National Bank* v. *Cleveland*, 117 *Ga.* 908 (5), 918 (44 S. E. 20); *Brown* v. *Mutual Life Insurance Co.*, 146 *Ga.* 123 (90 S. E. 856); *Hill* v. *Maffett*, 3 *Ga. App.* 89 (59 S. E. 325); *Buchholz* v. *Sapp*, 148 *Ga.* 352 (96 S. E. 858).

2. Under the foregoing ruling the court erred in overruling the 1st and 2d grounds of the demurrer to the plaintiff's petition, and in not dismissing the petition.

3. The error in the judgment upon the demurrer rendered the further proceedings in the case nugatory.

DECIDED MAY 14, 1919.

Complaint; from Brooks superior court—Judge Thomas. September 14, 1918.

*Bennet & Harrell, Branch & Snow,* for plaintiff in error.

*E. K. Wilcox, Dan R. Bruce,* contra.

BROYLES, P. J. The headnotes need no elaboration. We can not forbear saying, however, that, under the facts of this case, it looks as if justice, expediency, and common sense would all answer yes to the question whether the plaintiff should be allowed to maintain her action; but, as was said by Powell, J., in *Hill* v. *Maffett,* supra: "Expediency, in such cases, loudly argues for an affirmative answer, but the law says no. The dictates of the law are superior to the dictates of expediency. The title to personal property, including choses in action, belonging to the estate of a decedent passes at his death, not to his heirs, but to his administrator; the heirs have merely an equitable interest in such assets; and they can sue for the recovery of such property or for the collection of such debts only when, on the part of the administrator, there is collusion, insolvency, unwillingness to collect the assets when called on, or some other like special circumstance. *Worthy* v. *Johnson*, 8 *Ga.* 236; *Morgan* v. *Woods*, 69 *Ga.* 599; *Smith* v. *Turner*, 112 *Ga.* 533 (37 S. E. 705). Many more citations to the same effect could be given, if necessary."

*Judgment reversed. Bloodworth and Stephens, JJ., concur.*