### SULLIVAN *v.* SEAGO.

PER CURIAM. A security deed contained the following power of sale: "Now, if default be made in the payment of either the said principal or interest thereon at the time and place of payment, or in the payment of said taxes or other charges, as aforesaid, or in the maintenance of said insurance, then in any one of said events said debt shall become immediately due and payable, at the option of the holder, and without notice to grantor; and in addition to remedies by law, grantee or his legal representatives or assigns are authorized and empowered to sell said property in bulk or parcels, in their discretion, at public outcry, to the highest bidder, for cash, at the door of the court-house of said Richmond County, after first advertising the sale once a week for four calendar weeks, in any newspaper published in said last-mentioned county (regardless of number of days between first insertion and day of sale), and to make to the purchaser or purchasers thereof good and sufficient conveyances in fee simple to the same, thereby divesting out of the grantor, his heirs and assigns, all right and equity they may have therein, and vesting the same in the purchaser or purchasers as aforesaid. Grantee, his heirs and assigns, or representatives are made attorneys in fact for grantor, to make such conveyances, and to recite therein the default and advertisement and sale, and such recitals shall be conclusive upon grantor. The proceeds of said sale shall be applied first to the cost and expenses thereof, including advertising, auctioneer's commissions, revenue stamps, and ten per cent. as attorneys' fees; then to the payment of any advance made as aforesaid for insurance and taxes; next to the payment of said principal debt and interest, and the balance, if any, shall be paid to grantor, his heirs and assigns. And at said sale, grantee, or his heirs and assigns, may bid and purchase. The power and agency hereby granted and coupled with an interest are irrevocable by death or otherwise, and are granted as cumulative to the remedies for collection of said indebtedness provided by law." The note secured by such deed was set apart as a year's support for the widow of the payee. There was no transfer of title or assignment of the power of sale to the widow to whom the note was set aside as a year's support. Both the grantor and the grantee are dead, and there was no administration upon either estate. The widow of the grantor tendered to the widow of the grantee the full amount of principal and interest due, upon

---

Mortgages, 27 Cyc. p. 1456, n. 4.

condition that the latter convey to the former the premises embraced in the security deed, or cancel the security deed of record. The holder of the note declined to accept the payment thereof upon these terms, and proceeded to advertise the premises for sale in the name of the grantor by herself as widow of the grantee as attorney in fact for the grantor. The widow of the grantor filed a petition praying to enjoin the sale, and "that the defendant be restrained from taking any action except such as will authorize her to make a legal conveyance of the property hereinbefore referred to, to the plaintiff herein upon payment of the amount due on said note." *Held*, that the holder of the note having no title to the property embraced in the security deed, and no assignment of the power of sale thereunder, could not lawfully exercise said power of sale; and the court below erred in refusing to grant an injunction. *McCook* v. *Kennedy*, 146 *Ga*. 93 (90 S. E. 713).

*Judgment reversed. All the Justices concur.*

No. 5286.  OCTOBER 14, 1926.

Petition for injunction. Before Judge Franklin. Richmond superior court. March 27, 1926.

*Hammond & Kennedy,* for plaintiff.

*B. B. McCowen,* for defendant.