### 19634. Bond *v.* Maxwell.

Bell, J. 1. A suit at law upon a promissory note can be maintained only in the name of the holder of the legal title to the instrument, and this is true even though the plaintiff may have a perfect equitable title thereto. *Benson* v. *Abbott,* 95 *Ga.* 69 (22 S. E. 127); *Burch* v. *Daniel,* 101 *Ga.* 228 (28 S. E. 622); *Brown* v. *Mutual Life Ins. Co.,* 146 *Ga.* 123 (90 S. E. 856); *Buchholz* v. *Sapp,* 148 *Ga.* 352 (96 S. E. 858); *Allen* v. *Commercial Credit Co.,* 155 *Ga.* 545 (117 S. E. 650); *Hill* v. *Maffett,* 3 *Ga. App.* 89 (59 S. E. 325); *Herring* v. *First National Bank,* 13 *Ga. App.* 492 (79 S. E. 359); *Wilson* v. *Brice,* 23 *Ga. App.* 734 (99 S. E. 385); *Moore* v. *Moore,* 35 *Ga. App.* 39 (131 S. E. 922); Civil Code (1910), § 5516.

2. In a suit at law upon promissory notes, allegations that the plaintiff was the sole heir at law of the deceased payee, and was appointed administrator of his estate, and that, after paying all the debts of such estate, the plaintiff, as administrator, "turned over to himself as the sole heir at law . . all the assets of the estate, including the . . notes sued on, and was then discharged as such administrator," were insufficient to show a right of action in the plaintiff. Irrespective of any question as to other defects in the petition, since it does not ap-

pear that the notes were indorsed or assigned by the administrator, or that they were ever set apart to the plaintiff by any adjudication of the ordinary, they are to be treated as unadministered assets, with the legal title in the same status as before any administration was had. It follows that the plaintiff failed to show such title to the notes as would authorize him to sue thereon, and the court properly sustained the general demurrer and dismissed the petition. Civil Code (1910), §§ 4002, 4003, 4025, 4057 et seq.; *Juhan* v. *Juhan*, 104 *Ga*. 253 (30 S. E. 779), explained in *Brown* v. *Mutual Life Ins. Co.*, supra.

3. Whether section 49 of the negotiable-instruments act (Ga. L. 1924, pp. 126, 136), providing that where the holder of an instrument payable to his order transfers it for value without indorsement, the transfer vests in the transferee such title as the transferor had therein and entitles him to an indorsement from the transferor, could have any application to instruments which, as here, were executed prior to the passage of such statute, the section referred to would have no bearing upon the present case, for the reason that the transfers under which the plaintiff is claiming were not transfers for value. See, in this connection, Ga. L. 1924, p. 126, §§ 49, 51; Michie's Code (1926), §§ 4294(49), 4294(51); 5 Uniform Laws, Annotated, §§ 49, 51; Brannan's Neg. Inst. Law, 153, 159, 415.

4. The present case is distinguished from *Moughon* v. *Masterson*, 140 *Ga*. 699 (1, 5) (79 S. E. 561), and *Carter* v. *Martin*, 37 *Ga. App*. 73 (138 S. E. 915), the first of these cases being a proceeding in equity, and the other being a suit by heirs at law to revive a dormant judgment.

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., dissents.*

DECIDED DECEMBER 14, 1929.

Z. B. Rogers, for plaintiff.   Clark Edwards Jr., for defendant.

STEPHENS, J. I dissent from the conclusion reached in paragraph 2 of the decision. I am of the opinion that, under the facts alleged in the petition, the plaintiff acquired by inheritance the legal title to the notes, with the right to sue thereon.