## UNIVERSAL CHAIN THEATRICAL ENTERPRISES INCORPORATED *v.* OLDKNOW *et al.*

No. 9116.   FEBRUARY 20, 1933.

*Herbert J. Haas, George B. Tidwell,* and *Bertram S. Boley,* for plaintiff.

*Sutherland & Tuttle* and *Joseph P. Brennan,* for defendants.

BELL, J. Fairfax Building Company executed to Mortgage Guarantee Company of America a security deed conveying certain real estate situated in Fulton County, to secure five promissory notes, one being for $14,000, and the others being for $1000 each. The deed contained a power of sale. The note for $14,000 being in default, Oscar S. Oldknow, claiming to have acquired the rights and powers of Mortgage Guarantee Company with respect to this property and the indebtedness secured thereby, advertised and sold the property for the purpose of satisfying the indebtedness, and at this sale the property was bid in by Oldknow Realty Company. Universal Chain Theatrical Enterprises Inc., claiming to have acquired the equity of Fairfax Building Company, brought an equitable petition praying that the sale made by Oldknow as attorney in fact for Fairfax Building Company to Oldknow Realty Company be declared void, that the deed executed in pursuance of such sale be surrendered and canceled, and that the realty company be enjoined from collecting rents or otherwise exercising ownership over the property. The court sustained a general demurrer and dismissed the petition, and the plaintiff excepted. The plaintiff contends (1) that the sale by Oldknow was invalid, for the reasons that, although he acquired the title conveyed by the security deed and became the owner of the note secured thereby, the mesne conveyances under which he held were not in such form as to convey and assign the power of sale; and (2) that certain of these conveyances disclosed an outstanding contract apparently affecting the title of Oldknow and his right to exercise the power of sale, and the fact that this contract was not recorded tended to prevent the general public from participating as bidders at the sale, with the result that the sale was not conducted fairly and with due regard to the rights of the plaintiff. The following facts appeared from the petition:

The original security deed from Fairfax Building Company to Mortgage Guarantee Company was executed on October 1, 1926, and provided that in case the debt should not be paid at ma-

turity "the party of the second part, or assigns," might sell the property at public outcry, after first advertising the same for four weeks and complying with other conditions specified. Thereafter Mortgage Guarantee Company executed to Chatham Phenix National Bank and Trust Company, as trustee, the following conveyance and transfer, which was entered upon the back of the security deed:

"Georgia Fulton County. The notes secured by this loan deed having been transferred to Chatham Phenix National Bank and Trust Company as trustee, pursuant to the terms of Agreement of Trust between the parties hereto, dated as of May 1st, 1926, we hereby sell and convey to the said trustee the property described in this loan deed. Witness hand and seal this the 25th day of October, 1926.

<div align="center">

"Mortgage Guarantee Company of America

"By Joseph A. McCord (Seal), Chairman of the Board."

</div>

On October 1, 1931, the following instrument was executed:

"State of New York, County of New York, SS: The notes secured by this loan deed having been transferred to Greyling Realty Corporation, pursuant to the terms of an agreement between Mortgage Guarantee Company of America and the undersigned, dated May 1st, 1926, the undersigned hereby sells and conveys to said Greyling Realty Corporation the property described in this loan deed, without recourse. Witness our hand and seal, this 1st day of October, 1931.

"Chatham Phenix National Bank and Trust Company, as Trustee under Indenture between Mortgage Guarantee Co. of America and said Trustee, dated as of May 1st, 1926.

<div align="center">

"By W. E. Ahearn, Trust Officer."

</div>

On January 4, 1932, the following writing was executed:

"State of New York, County of New York.

"For value received, the undersigned Greyling Realty Corporation hereby transfers, assigns, and conveys to Mr. Oscar S. Oldknow of Fulton County, Georgia, without recourse, all its rights, title, interest in and to that certain loan deed executed by Fairfax Building Company in favor of Mortgage Guarantee Company under date of October 1, 1926, and recorded in Book 1027, page 71, of the deed records of Fulton County, Georgia, the property therein described, and the rights and powers therein granted.

"In witness whereof, undersigned has caused these presents to be executed by its duly authorized officers and sealed with its corporate seal this the 4th day of January, 1932.

"Greyling Realty Corporation (Seal), By J. A. Markel, Vice-President.                                    Joel Per Secretary."

For convenience the several writings which are quoted above may be referred to as transfers. Each of them was duly attested and recorded. Its remaining equity in the property was conveyed by Fairfax Building Company to another company, which in turn sold and conveyed the same to the plaintiff, Universal Chain Theatrical Enterprises Inc. This company bought the property subject to the security deed, but did not assume the indebtedness referred to therein. The petition calls attention to the fact that the first and second of the transfers purported to convey only the property described in the loan deed, and that only in the third and last of these transfers was there any attempt to convey or assign the power of sale. It will be noticed also that in each of these transfers, except the last, there is reference to an agreement or indenture existing between Mortgage Guarantee Company and Chatham Phenix National Bank & Trust Company as trustee, which appears to have been executed on May 1, 1926. It is alleged that this agreement was not recorded, and that "petitioner has never seen said agreement and does not know its contents, and upon information and belief alleges that its contents are not generally known to the public;" that, in the absence of express and successive assignments of the power of sale, Oscar S. Oldknow was without authority to exercise the power of sale contained in the security deed; and that the references to the agreement of May 1, 1926, with the fact that this agreement was not recorded as a muniment of title, "would have the tendency to chill the bidding at the public sale of said property, and would tend to prevent the general public from participating as bidders at such sale."

■ There is no merit in the contention that the final holder of the indebtedness and of the legal title conveyed by the security deed was not vested with the power of sale as granted and conveyed by such deed; and this is true notwithstanding the fact that the power may not have been expressly mentioned in the conveyance or transfer made by the original holder of the security deed, or by its im-

mediate successor in title. Oscar S. Oldknow having become the owner of the title conveyed by the security deed and also of the indebtedness secured thereby, and the power of sale not having been so expressed in the security deed as to be limited to the grantee therein named, but having been conferred upon the grantee or "assigns," Oldknow was entitled to exercise the power to the same extent as the grantee might have done. In these circumstances he succeeded to all the rights of the original grantee, together with all remedies for enforcing the same, including those provided by the contract. Civil Code (1910), §§ 4276, 3345-3347; *Hunt* v. *New England Mortgage Security Co.*, 92 *Ga.* 720 (19 S. E. 27); *Palmer* v. *Young*, 96 *Ga.* 246 (22 S. E. 928, 51 Am. St. R. 136); *Ray* v. *Home &c. Investment Co.*, 98 *Ga.* 122 (26 S. E. 56); *Gillespie* v. *Hunt*, 145 *Ga.* 490 (89 S. E. 519); *Hightower* v. *Haddock*, 153 *Ga.* 160 (111 S. E. 413); 41 C. J. 682, 938. Nothing to the contrary was held in *Henderson* v. *Willis*, 160 *Ga.* 638 (5) (128 S. E. 807), or *Smith* v. *Pharr*, 162 *Ga.* 358 (133 S. E. 863), or *Sullivan* v. *Seago*, 163 *Ga.* 35 (135 S. E. 420).

■ The petition did not allege any facts to show that the power of sale was unfairly exercised. No reasonable person should have been deterred from bidding because of the fact that two of the conveyances which were made as transfers on the back of the security deed, and which were duly recorded, contained a reference to some *unrecorded* agreement between the parties to the first of these transfers, in pursuance of which both of such transfers appeared to have been executed. The unrecorded agreement appears to have been a mere "agreement of trust" between Mortgage Guarantee Company, the grantee in the security deed, and Chatham Phenix National Bank & Trust Company, whereby the latter company became a trustee for some purpose. The only two of the transfers which made a reference to this agreement were purportedly made in pursuance thereof, and there is nothing to indicate that the recital to this effect was untrue. The plaintiff does not contend that the agreement actually contained a limitation upon any power of conveyance or of sale by the trust company, but the sole contention is that the fact that the agreement was not recorded left the question as to the right and power of this company in such obscurity that a prospective purchaser would be uneasy about the title and refrain from bidding. So far as appears, any person who might have become interested

could have obtained full information as to the contents of the agreement as easily by making ·inquiry of the proper parties as by a search of the public records. Accordingly, in ·the circumstances alleged there is nothing to indicate that the sale was chilled and unfairly exercised by the lone fact that the trust agreement was not recorded. The cases of *Sims* v. *Etheridge,* 169 *Ga.* 400 (4) (150 S. E. 647), and *Plainville Brick Co.* v. *Williams,* 170 *Ga.* 75 (2) (152 S. E. 85), are distinguished by their facts from the case at bar, and do not support the contention here made. The petition failed to state any cause for equitable relief, and was properly dismissed on general demurrer.

<div align="center">

*Judgment affirmed.* *All· the Justices concur.*