McMULLEN *v.* CARLTON *et al.*

No. 13713. MAY 19, 1941.

*P. Q. Bryan,* for plaintiff.
*Hugh R. Aderhold* and *L. L. Moore,* for defendants.

BELL, Justice. 1. The title to personal property, such as promissory notes, owned by one who dies intestate vests in his administrator for the benefit of heirs and creditors. Code, § 113-901.

2. Where an administratrix of an estate of one who died intestate, owning certain promissory notes secured by a deed to land, reported in writing to the ordinary, by way of inventory or return duly signed by her, that she, the administratrix, had paid all of the debts and had fully administered the estate except as to such notes and security deed, describing them, "said inventory" containing a statement purporting to have been signed by the heirs at law of such intestate, reciting approval of such inventory and waiving other inventory and appraisement, and the same inventory having written on the back of it a statement signed by the same persons as heirs at law, to the effect that they "hereby accept from the administratrix of said estate the remaining assets as set out in the inventory filed," and consenting that the ordinary grant letters of dismission to such administratrix, "thus closing the administration of said estate in full," and where such return or inventory, together with the foregoing statements of the heirs at law, was admitted to record by the ordinary and recorded on the minutes, and the administratrix was thereafter discharged from office as having fully ad-

ministered the estate: *held,* the facts thus recited were sufficient to show that the legal title to the notes passed into the persons named as heirs at law by a distribution in kind, adjudicated by the ordinary. Code, §§ 113-1018, 113-1019, 113-1021, 113-1411, 113-2302: *Harris* v. *Seals,* 29 *Ga.* 585; *Williams* v. *Williams Co.,* 122 *Ga.* 178 (4) (50 S. E. 52, 106 Am. St. R. 100); *Lathrop* v. *White,* 81 *Ga.* 29 (6 S. E. 834); *Amis* v. *Cameron,* 55 *Ga.* 449.

(*a*) Compare, as to executed trusts, Code, §§ 108-111, 108-112; *Glover* v. *Stamps,* 73 *Ga.* 209 (54 Am. R. 870); *Fleck* v. *Ellis,* 144 *Ga.* 732 (87 S. E. 1055).

(*b*) If such distribution in kind did not conform literally to the statute, still it was not subject to collateral attack by the grantor in such security deed. *Kaiser* v. *Kaiser,* 178 *Ga.* 355 (173 S. E. 688).

(*c*) No such inventory and agreement with heirs at law, approved by the ordinary, appeared in either of the following cases: *Wilson* v. *Brice,* 23 *Ga. App.* 734 (99 S. E. 385); *Bond* v. *Maxwell,* 40 *Ga. App.* 679 (150 S. E. 860).

3. Where the security deed contained a provision that on maturity of the notes "the holder of said debt" would be authorized to sell the land conveyed by such deed on compliance with stated conditions, the heirs at law of the payee, after obtaining the legal title to the notes by distribution in kind as indicated, would come within the phrase "the holder of said debt."

(*a*) All of the foregoing is without reference to the title to the land, since under the terms of the instant security deed the power of sale was not conferred upon the grantee or other holder of the title to the land, but instead was conferred upon "the holder of said debt." Therefore the power could be exercised by any person or persons being at the time within such description.

(*b*) The rulings stated above are not contrary to but accord with decisions in the following cases: *McCook* v. *Kennedy,* 146 *Ga.* 93 (90 S. E. 713), where the power of sale, so far as dealt with, was limited to the grantee in the security deed; *Sullivan* v. *Seago,* 163 *Ga.* 35 (135 S. E. 420), where the deed provided for sale by the grantee, his heirs and assigns, or legal representatives; and it was held in effect that a widow of the grantee, who obtained an order setting apart to her as a year's support only the note secured by such deed, did not come within the persons designated, as a

284

successor in title to the land; and *Lewis* v. *King,* 165 *Ga.* 705 (141 S. E. 909), where the power of sale was conferred only upon the grantee or his legal representative, and it was held that these words did not include a legatee under the will of such grantee.

(c) On the general subject, see *Ray* v. *Home & Foreign Investment & Agency Co.,* 98 *Ga.* 122 (26 S. E. 56); *Universal Chain Theatrical Enterprises Inc.* v. *Oldknow,* 176 *Ga.* 492 (168 S. E. 239); *Woodward* v. *LaPorte,* 181 *Ga.* 731 (184 S. E. 280); *Redwine* v. *Frizzell,* 184 *Ga.* 230 (190 S. E. 789).

4. Under the preceding rulings as applied to the pleadings and the evidence, in a suit by the grantor to enjoin the heirs at law of the grantee from exercising the power of sale contained in such security deed, the judge did not err in refusing an interlocutory injunction, as against the contention that such heirs at law were not within the terms of the power, as to the person or persons who might execute it.

(*a*) The security deed and the notes were executed in 1923. In view of the rulings stated above, it is unnecessary to determine whether the heirs at law would be authorized, regardless of such proceedings in the court of ordinary, to exercise the power, under the act of February 23, 1937, providing that unless the instrument granting the power specifically provides to the contrary, "heirs" of the grantee, among others designated in such statute, "may exercise any power therein contained." Ga. L. 1937, p. 481, Code Ann., 1939 Cumulative Part, § 37-607.

(*b*) Nor is it determined whether, if the heirs did not have the legal title to the notes, they yet had a perfect equitable title which the grantor in seeking equitable relief would be bound to recognize. Code, § 37-104; *Moughon* v. *Masterson,* 140 *Ga.* 699 (1, 5) (79 S. E. 561).

5. A further contention being that the security deed in question was made in part to satisfy a previous security deed between the same parties, which the grantee promised to have canceled of record, and that because such cancellation had not been made the consideration of the new deed had failed; and the evidence showing that the grantee did, within four days after the renewal transaction, make and sign upon the old deed an entry stating that it had been satisfied, and directing the clerk "to cancel same," although it was never formally canceled of record and has "always" re-

mained in the possession of the grantee or the defendants: *held*, that these circumstances did not show such substantial breach of the new agreement as to demand an injunction against exercise of the power of sale contained in the new security deed.  See Code, § 55-108; *Garner* v. *Cohen*, 99 *Ga.* 78 (24 S. E. 851) ; *Bishop* v. *Brantley*, 23 *Ga. App.* 663 (2) (99 S. E. 224) ; Abrams *v.* American Security & Trust Co. (72 App. D. C. 79), 111 Fed. 2d, 520, 129 A. L. R. 368.

6. Nor, as against other contentions made, was it an abuse of discretion, under the pleadings and the evidence, to refuse an interlocutory injunction.

*Judgment affirmed.  All the Justices concur.*