DAVIS *et al.* v. BUIE.

No. 14852. July 6, 1944.

838

*Hugh R. Kimbrough,* for plaintiffs in error.

*Anderson & Trapnell,* contra.

ATKINSON, Justice. (After stating the foregoing facts.)  The motion for new trial was overruled on January 13, 1944, and the certificate of the judge was dated February 21, 1944. The bill of exceptions contains a recital that it was tendered "within the time provided by law." Counsel for the defendant in error moved to dismiss the writ of error on the ground that the bill of exceptions was not tendered to the trial judge and certified within the time required by law. The bill of exceptions is not dated, and there are no explanatory recitals in the certificate, nor anything in the record, to negative the general recital that the tender was made within the time provided by law. Nor does anything in the record indicate that the delay in signing the certificate was due to the fault of the plaintiffs in error or their counsel. Where a bill of exceptions recites that it was tendered to the judge within the time prescribed by law, and the judge has signed the usual statutory certificate, certifying as true the recitals in the bill of exceptions, and it does not appear that his failure to sign and certify within the statutory limit was due to the fault of the plaintiff in error or his counsel, the writ of error will not be dismissed on this ground. *Sweat* v. *Barnhill,* 171 *Ga.* 294 (2) (155 S. E. 18), and cit.; *Pierce* v. *Powell,* 188 *Ga.* 481 (2), 482 (4 S. E. 2d, 192); *Brumfield* v. *Jackson,* 193 *Ga.* 548 (19 S. E. 2d, 279).

The motion to dismiss the writ of error is without merit.

■ ·The first special ground of the motion for new trial complains·that. the court erred in striking so much of the cross-petition as alleged that the transfers of two security deeds by the administrator of the grantee were illegal because ·they were made without an order from the court of ordinary. Under repeated rulings of this court, rulings on pleadings can not be made a ground of a motion for a new trial; but direct exceptions should be filed to such rulings, if a review of them is to be had. *DeBarry-Baya Merchants' Line* v. *Austin,* 76 *Ga.* 306; *Willbanks* v. *Untriner,* 98 *Ga.* 801 (25 S. E. 841); *Hawkins* v. *Sluddard,* 132 *Ga.* 265 (63 S. E. 852, 131 Am. St. R. 190); *Turner* v. *Willingham,* 148 *Ga.* 274 (96 S. E. 565); *Zachry* v. *Industrial Loan & Investment Co.,* 182 *Ga.* 738 (5) (186 S. E. 832); *Page* v. *Brown,* 192 *Ga.* 398 (3) (15 S. E. 2d, 506); *Scarbrough* v. *Bell,* 193 *Ga.* 255 (1 *b*) (17 S. E. 2d, 732). Accordingly, the first special ground can not be considered. Furthermore, the defendants in this case were not parties at interest in the estate represented by the administrator who transferred the security deeds in question without an order from the court of ordinary. See, in this connection, *Tyson* v. *Bray,* 117 *Ga.* 689 (2) (45 S. E. 74), where it was held: "In a suit by an indorsee of a promissory note against the maker thereof, the defendant can not controvert the title of the plaintiff upon the ground of an assignment by him as executor to himself as an individual, such assignment not being void, but merely voidable at the election· of those who are parties at interest in the estate represented by the ex- · ecutor."

■ The second special ground complains that the court erred in admitting enumerated documentary evidence, without stating that any objection was made at the time the documents were offered. A mere statement that evidence was admitted, and that this was error for certain .reasons, is not sufficient, where it does not appear that the objections were urged before the trial judge when· he ruled on the question ·of ·admitting the evidence objected to. *Andrews* v. *State,.*118 *Ga.* 1 (43 S. E. 852); *Georgia Railroad* v. *Daniel,* 135 *Ga.* 108 (2) (68 S. E. 1024); *Hassell* v. *Woodstock Iron Works,* 137 *Ga.* 636 (73 S. E. 1052); *Patterson* v. *State,* 181 *Ga.* 698 (2) 701 (184 S. E. 309). There is no merit in this ground.

■ At the beginning of the trial, the jury were retired at the request of counsel for the petitioner, after which he moved to strike

so much of the answer as averred that the transfers of the security deeds were void because made without an order from the court of ordinary. During a lengthy colloquy between the court and counsel for both sides, the petitioner's attorney stated, among other things: "As I see the issues which are to be submitted to the jury, there are just two. First of all, they set up payment to [petitioner] . . by using the timber privileges. . . [And second] if the jury answers the question in the negative, then the question of the value of the timber that was removed by the defendants." The court: "Why would not the title to the property come into it?" The petitioner's counsel: "That probably would be a question. If . . [petitioner] has been paid, he would not have a right of title. . . If the debt has not been paid, of course that is a question of title, and it would be involved; but certainly they have no right to question the title under the notes and deed to secure debt." Counsel for the defendants: "The motion is out of order for the . . reason that he has come into court and filed an injunction against [defendants], who we claim are the true owners of this tract of land. . . We have a right to say and show that his suit is based illegally, and we have got a right to go into the title. The very vitals of title are involved in this case, and we have got a right to point out the defects in its title. He had no right to proceed without an order from the court of ordinary. . . If the law prescribes the manner in which title can be conveyed, and if it is not conveyed in that way, . . it is a void title. If he has got a security deed that he procured in the manner not prescribed by law, it will not support a suit in equity, and he can not strike from the answer allegations with reference to the sufficiency of [petitioner's] title." The court: "I will submit to the jury, that if the plaintiff carries the burden and shows title from the one both are claiming under, that is James Davis, if the plaintiff shows that the security deeds from James Davis have been properly transferred to him, and that he exercised the right given him under the security deeds therein and put the title in the plaintiff,—then I will charge that the burden will shift to the defendants to show that there was payment of the security deeds and notes." Counsel for the defendants: "He had no title. A perfect title, either to the timber rights or the turpentine privileges, must appear on the face of the title. . . They [have] no right to bring a suit, because his title is im-

perfect. The papers show on their face that the transfer of the security deeds is void for the fact that it does not show that it was under the authority of the ordinary. . . We claim that [petitioner] has no title." The court: "I adhere to the former ruling."

It is the duty of counsel to aid the court in determining what issues should be submitted to the jury. *Anderson* v. *State,* 196 *Ga.* 468, 471 (26 S. E. 2d, 755). Therefore the question arises as to whether counsel for the defendants waived other defects in the security deeds affecting the title of the petitioner. During the above colloquy counsel for the petitioner had moved to strike a portion of the defendants' answer. While counsel for the defendants was arguing against that motion, it probably would have been better if he had gone further, and, in addition to insisting that the security deeds were void because transferred without an order from the court of ordinary, to have given other reasons why the deeds were void. However, the record shows that counsel for the defendants did insist during all stages of the trial that they were rightfully in possession as heirs of James Davis, and that the petitioner did not have title upon which to base his petition for injunction and other relief prayed for. Even though counsel for the defendants might have given the wrong reason while arguing against the motion to strike a portion of the answer, the ruling of the court was in substance: "I will submit to the jury that if the plaintiff carries the burden and shows title, . . the burden will shift to defendants to show there was a payment." In the circumstances, counsel for the defendants will not be held to have waived other defects affecting the title of the petitioner.

■ At the conclusion of the evidence the jury were again retired, after which substantially the following colloquy occurred: Counsel for the petitioner: "The evidence shows the title of this tract in petitioner. There has been no proof of payment. In view of that fact, it is proper for the court to direct a verdict in favor of petitioner on that particular question. On the question of title, we have shown title into petitioner. Our position is, that we have shown a complete title in petitioner, and defendants have completely failed to show any title to the contrary." The court: "Is there anything in this record showing payment of those security deeds?" Counsel for the defendants: "The defendants have been unable to prove payment, and a directed verdict on that point would

be proper. . . A directed verdict should not go beyond the pleadings." The court (after bringing back the jury): "Gentlemen of the jury, the court is directing a verdict and finding title to the property in the plaintiff, and the question that will be submitted to the jury is the question of damages, if any, for trespass and cutting the timber by the defendants."

Since the special grounds of the motion for new trial did not contain an exception to the direction of the verdict finding title in the petitioner, the case stands just as though the jury, without any direction, had found title to be in him, and consequently the judgment should be affirmed, provided the evidence was sufficient to support the verdict. However, the record shows that the only issue waived by counsel for the defendants was the one in reference to payment; and this, coupled with the fact that the court struck the portion of the defendants' answer which averred that the petitioner's title was void because the transfers of the security deeds were made without an order from the court of ordinary, did not relieve the petitioner from establishing title to the property before he would be entitled to an injunction and other relief prayed for. In *McCook v. Kennedy*, 146 *Ga.* 93 (90 S. E. 713), this court held: "Where one executes a deed to secure a debt and in the conveyance creates a power of sale in the grantee, and the latter subsequently transfers the evidence of debt in the form of certain promissory notes and transfers the security deed by endorsing thereon the following words, 'For value received I hereby transfer the within mortgage deed to J. K. Kennedy,' but does not execute any further conveyance of the title to the transferee, the latter is not vested by such a transfer with the legal title to the land and can not exercise the power of sale. Where he attempts to exercise any such power, equity will enjoin him from so doing, upon the petition of the original owner, the grantor in the security deed."

The security deeds upon which the petitioner relied for title in the instant case were executed before the act approved February 23, 1937 (Ga. L. 1937, p. 481), amending the Code, § 37-607, and that act will not be construed so as to make it retrospective in its operation. *Renfroe v. Butts,* 192 *Ga.* 720 (4) (16 S. E. 2d, 551); *Morris v. Interstate Bond Co.,* 180 *Ga.* 689 (180 S. E. 819, 100 A. L. R. 415); *Atlantic Loan Co. v. Peterson,* 181 *Ga.* 266 (182 S. E. 15). Before the act of 1937, § 37-607 was as follows: "Powers of sale in

deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised. In the absence of stipulations to the contrary in the instrument, the time, place, and manner of the sale shall be that pointed out for public sales." The power of sale under review being limited to the grantee, his agent or legal representative, strictly construed, could not be exercised by the petitioner, because he as transferee was not the agent or legal representative of the original grantee. *Lewis* v. *King,* 165 *Ga.* 705 (141 S. E. 909) ; *McMullen* v. *Carllon,* 192 *Ga.* 282 (14 S. E. 2d, 719). As the petitioner had no right to exercise the power of sale, the evidence failed to show that he was vested with legal title, and therefore was not sufficient to support the verdict.

The power of sale involved in *Redwine* v. *Frizzell,* 184 *Ga.* 230 (190 S. E. 2d, 789), was different from that involved in *McCook* v. *Kennedy,* supra, and from that in the present case, in that such power of sale was given to the grantee in the security deed or his assigns. *Judgment reversed. All the Justices concur.*