The allegations of the petition as amended were sufficient to show legal title to the note sued on in the plaintiff as the sole heir at law of her husband's estate under an administration of the estate and a distribution adjudicated and approved by the ordinary. The court did not err in overruling the general demurrer to the petition. The facts of this case are substantially like those in McMullen v. Carlton, 192 Ga. 282 (14 S.E.2d 719), which we think is controlling here. This case is distinguished from Bond v. Maxwell, 40 Ga. App. 679 (150 S.E. 860), and Bennett v. Bottoms, 64 Ga. App. 456 (13 S.E.2d 519), relied on by the defendant, in that in those cases it did not appear that the notes sued on were set apart to the plaintiff by any adjudication of the ordinary as in this case.
Judgment affirmed. Sutton, C. J., and Felton, J., concur.
 DECIDED FEBRUARY 11, 1949. *Page 602 
Mrs. S.W. Lewis sued W. C. Gay on a promissory note executed by the defendant and made payable to S.W. Lewis or order. By amendment the plaintiff set up that the payee, S.W. Lewis, died intestate in 1938, leaving the plaintiff as his only heir; that she was appointed administratrix of his estate by the court of ordinary; that she duly qualified as such and took possession of all the assets and property of decedent and paid all his debts and was duly discharged. She attached to her petition a copy of her final return to the ordinary as administratrix of the estate which was in part as follows: "This is to state that I have personally received all of the assets of the estate of my deceased husband, S.W. Lewis, after payment of his debts, and that I have fully paid all of his debts, including the estate taxes due the United States of America and the State of Georgia. I further state that I am the sole heir of S.W. Lewis, deceased, and for this reason do not list any assets or debts paid." She attached also a copy of the order of the ordinary admitting the return to record as follows: "The final return of Mrs. S.W. Lewis as administratrix of the estate of S.W. Lewis for the period ending April 27, 1940, having remained of file in this court for thirty days and no objections being made thereto, and on examination the same appearing to be regular and legal; Ordered that said final return be and the same is allowed and admitted to record, there being no vouchers showing receipts and disbursements, but as Mrs. S.W. Lewis is the only heir, and there being no debts, the form of return is accepted as being satisfactory." She alleged that the said judgment of the court of ordinary constituted an adjudication of the plaintiff's legal right and title to all the assets of said estate that were not consumed in the payment of decedent's debts including the note sued on.
The defendant demurred generally to the petition on the ground that the "plaintiff can not maintain this suit as only the administrator of the estate of S.W. Lewis, deceased, can maintain a suit on the note sued on." The court overruled the demurrer and the defendant excepted pendente lite. The case was tried and the jury returned a verdict for the plaintiff. The defendant *Page 603 
filed a bill of exceptions assigning error on the exceptions pendente lite.