## 20878. FULLER v. FULLER.

Mobley, Justice. The exception is to the judgment of the Superior Court of DeKalb County denying the motion for new trial on the general and three special grounds, where the defendant in error, the wife, in a cross-action seeking divorce and alimony, was granted a divorce and awarded as permanent alimony "the home place consisting of a house and approximately 11½ acres" and monthly payments for support of their minor children. The plaintiff in error abandoned the general grounds and argued only special grounds 2 and 3. Exception is also made to the allowance, over objection, of an amendment to the defendant in error's plea, answer, and cross-bill. *Held:*

1. A ruling of a court on the pleadings cannot be objected to in a motion for new trial. *Dye* v. *Alexander*, 195 *Ga.* 676 (25 S. E. 2d 419); *Davis* v. *Buie*, 197 *Ga.* 835 (30 S. E. 2d 861). Consequently, we cannot review special ground 2 of the motion for new trial, which assigns error on the allowance, over objection, of the amendment of June 5, 1959, to the defendant in error's plea, answer, and cross-bill of July 11, 1957. However, direct exception was made to the overruling of the plaintiff in error's objection to the allowance of the defendant in error's amendment. That objection is without merit. In the cross-bill, the defendant in error, in a schedule of property owned by the plaintiff in error, briefly described certain real estate. In the amendment, the defendant in error simply added the legal description of that real estate. The plaintiff in error's objection to the allowance of the amendment was on the ground that it was irrelevant and immaterial and did not comply with Code (Ann.) § 30-105, which provides that, in an action for divorce, "where alimony or support or the division of property is involved, the petition shall show the property and earnings of each party." There was no attempt in the amendment to give a schedule of property owned by the plaintiff in error. Its purpose was to amplify the description of certain real estate already described in the cross-bill. If the plaintiff in error wished to object to the failure of the defendant in error to show her own earnings and property, as required by Code (Ann.) § 30-105, he might have done so by demurring to the cross-bill in which the schedule of the plaintiff in error's property was given.

132

2. The second special ground is that the following charge was erroneous: "Now, gentlemen, the defendant contends that she ought to be awarded the home place which is described in the amendment to the petition as a part of her permanent alimony. I charge you that the jury would have the right, if they saw fit to do so, to award to the defendant all of the interest that the plaintiff has in the home place or any part of it. They would have the right to leave the title to plaintiff and provide that the defendant and the minor children should have the right to the use of the home place if the jury saw fit to do so. Just whatever disposition the jury wishes to make of the title to the real estate would be solely a matter for your determination." There is no substance in the contention that there was no evidence that the property described in the amendment to the defendant in error's cross-bill was the "home place of any of the parties, as used in common parlance." It is true that the property was not referred to in the amended cross-bill as the "home place," but the evidence reveals that the parties did live on the described property, and both parties in their testimony referred to it as the "home place" or "the home, the family home," and identified it as containing eleven and one-half acres. Clearly, there is no merit in the contention that the charge was erroneous as an abstract principle of law; that the use of the terms "home place" and "minor children" constituted an opinion by the court as to what the jury should award; or, in view of the ruling in headnote 1 above, that the division of the property was not properly before the court.

*Judgment affirmed. All the Justices concur.*

Submitted May 9, 1960—Decided June 13, 1960.

*J. B. McCurdy*, for plaintiff in error.
*Ben S. Atkins, Robert T. Efurd*, contra.

