## VAN DYKE *v.* VAN DYKE.

An incomplete deed, being without a grantee, can not be completed in this respect without authority from the grantor.

The doctrine of estoppel by deed has no application to the present case.

Argued March 7, — Decided March 30, 1904.

Equitable petition.    Before Judge Lumpkin.    Fulton superior court.    April 20, 1903.

*W. W. Haden* and *R. O. Lovett*, for plaintiff.
*Culberson, Willingham & Johnson*, for defendant.

TURNER, J.    An equitable petition was brought by Mary J. Van Dyke against Alice M. Van Dyke, to establish the plaintiff's

claim of title to a certain tract of land described in her petition; to have a deed under which the defendant held possession of the premises delivered up and cancelled; and for other relief.   The petition set forth the following allegations of fact:   During the year 1895, and prior thereto, the plaintiff owned in fee simple the tract of land above mentioned.   In April of that year she decided to give to her son, E. A. Van Dyke, some of her property; being moved to do so by natural love and affection and by the fact that, in her opinion, under a division which had been made of his father's estate, the share thereof allotted to him was of less value than were the shares set apart to the other heirs of her husband.   In furtherance of this design, she signed a paper in the form of a deed, a copy of which she attached to her petition.   At the time she signed this paper, it was not completed and perfected, because no grantee was named therein, the space designed for the insertion of the name of her grantee being left blank.   She never afterwards filled in this blank space, or caused it to be filled in, with the name of the defendant (which now appears in that instrument, as grantee), nor did she (the plaintiff) ever direct or authorize any person whomsoever so to do.   She is informed that her son, or some other person, did fill in said blank space with the name of Alice M. Van Dyke; but this was done without plaintiff's knowledge or consent, long afterwards, to wit on November 30th, 1895.   The defendant bases her claim of title solely upon this instrument, notwithstanding "said paper, even in its incomplete form, was never delivered to the said Alice M. Van Dyke, nor to any one for her."   The "recital in said paper of a consideration of twelve hundred dollars is not true or correct; . . no consideration was paid, or intended to be paid, to petitioner by any one;" but, on the contrary, it was her intention that this paper, when completed, should "be a gift to said E. A. Van Dyke, and not a sale to his wife, the said Alice M. Van Dyke," and plaintiff never intended to convey the land, or any interest therein, to the defendant.   For the above reasons, "said paper was inoperative and void, and passed no title, . . and said land is the right and property of" the plaintiff.   The defendant "has encumbered said land, to the extent of $2,000, to Mrs. Belle Berk, who loaned said Alice M. Van Dyke said sum on said land in good faith, as petitioner is advised, believing that said Alice M. Van Dyke owned said land; and as said sum was, as petitioner

is advised, expended on said land," she admits that the land is rightly chargeable with that sum. The prayers set forth in the plaintiff's petition were, that she recover possession of the land; that the paper referred to as having been signed by her be delivered up and canceled, etc. To this petition the defendant demurred generally, on the ground that it did not set forth either a legal or an equitable cause of action; and also specially, on the ground that as the instrument attached to the petition and alleged to be a copy of the deed signed by the plaintiff showed that it was made for a valuable consideration, to wit, the sum of $1,200, it was "not competent for the plaintiff to thus impeach her own deed." The court below, after hearing argument on the defendant's demurrer, sustained the same and dismissed the plaintiff's suit; whereupon she sued out a bill of exceptions to this court, assigning as error the disposition thus made of her case.

1. "The great question in this case," as Nisbet, J., said in the opinion delivered by him in *Ingram* v. *Little*, 14 *Ga.* 182, "is upon the validity of the deed. It was duly signed, sealed, attested, and written out, except as to the name of the feoffee." This instrument, "before its completion and delivery, was inoperative, because made to no person." Ibid. 183 (2). Judge Nisbet also said, in that case: "We put our decision upon authority, conceding that the books in England and in this country are in 'distressing' conflict, and with some misgiving whether reason and common sense do not condemn it. This is, however, just the kind of a case in which it is safest to be guided by the weight of authority. The rule, although a technical one, is single, clear and easy of observance. If abrogated, the title to property might be left too much to the mistakes of memory, or to the corruptions of humanity." Chief Justice Marshall and Lord Mansfield both seem to have entertained this view, though they intimated doubts and difficulties on the subject. Whether or not the precedent established by the case in 14 *Ga.*, just referred to, has been practically overruled by later decisions of this court in *Brown* v. *Colquitt*, 73 *Ga.* 59, *Weaver* v. *Carter*, 101 *Ga.* 213, and *Smith* v. *Ins. Assn.*, 111 *Ga.* 737, suffice it to say that in the present case, which was decided on demurrer, it does not appear from the plaintiff's petition that she ever in fact delivered the incomplete deed to her son, or authorized him or any one else to perfect it. She distinctly

negatives any authority on the part of her son or other person to fill the blank space left in the deed with the name of her daughter-in-law. None of the cases last above cited can be properly regarded as authority for the proposition that such an incomplete deed can without some sort of authority be completed by any other person than the grantor. There was no merit in the defendant's contention that it was not competent for the plaintiff to assert that the instrument signed by her was not in fact based on the valuable consideration therein recited. The doctrine of estoppel by deed, in any respect, does not apply to an incomplete deed. We accordingly hold that the judgment of the court below, dismissing the plaintiff's case on demurrer, was erroneous.

*Judgment reversed. All the Justices concur.*