ETHERIDGE, executor, *v.* BOROUGHS.

No. 18111. SUBMITTED FEBRUARY 9, 1953—DECIDED FEBRUARY 24, 1953.

*H. A. Etheridge* and *Marvin O'Neal Jr.*, for plaintiff in error.
*Durwood T. Pye*, contra.

ALMAND, Justice. H. A. Etheridge, as executor of the estate of Mrs. Bessie R. Etheridge, brought a common-law action for land against J. C. Boroughs to recover a tract of land in Fulton County. On the trial of the issue before a jury, after evidence was introduced by both parties, the court directed a verdict for the defendant. The plaintiff's motion for a new trial as amended was overruled, and the case is here on a bill of exceptions assigning error on the refusal of a new trial.

Counsel for the plaintiff in their brief concede that it was necessary, before the plaintiff could recover, to prove title from a common grantor, S. A. Wardlaw, by the following documentary evidence: (1) security deed from S. A. Wardlaw to Florence D. Lynch, dated November 10, 1923, conveying the property in dispute to secure a loan, said deed containing a power of sale authorizing Florence D. Lynch, as attorney in fact for S. A. Wardlaw, in case of default, to advertise and sell such property at public sale for the purpose of paying the indebtedness evidenced by a note; (2) written transfer of this loan deed by Mrs. Barry (formerly Miss Florence D. Lynch) to Oliver R. Etheridge, dated August 12, 1946; (3) deed from Oliver R. Etheridge to C. O. Weidman, said deed reciting that it was made under the power contained in the security deed from S. A. Wardlaw to Miss Lynch; (4) warranty deed from C. O. Weidman to Mrs. Bessie R. Etheridge, now deceased, of whose estate the plaintiff, H. A. Etheridge, is executor. The court admitted in evidence the security deed, but refused to admit the transfer from Mrs. Barry and the other two deeds. The three special grounds of the motion for a new trial complain that the court erred in refusing to admit these documents in evidence. Counsel for the plaintiff in their brief concede that, if the court's ruling in excluding this documentary evidence was correct, the verdict was properly directed for the defendant, because without this evidence the plaintiff did not show a chain of title from the common grantor.

It is contended that the court erred in refusing to admit

in evidence the written transfer in the security deed, from Mrs. Barry to Oliver R. Etheridge. The objection to the admission of this document was that, at the time Mrs. Barry signed the transfer, the name of the transferee was left blank, and without the knowledge, consent, or authority of Mrs. Barry the name of Oliver R. Etheridge was written into the transfer. During the trial, counsel for the plaintiff stated in open court that this transfer was executed in blank by Mrs. Barry with the name of the transferee omitted "because plaintiff [H. A. Etheridge] feared that Mrs. Barry [formerly Miss Lynch] would not transfer same to him or any member of his family, on account of the bitterness which she had toward plaintiff, and that, after the blank transfer was turned over to plaintiff, he filled in the name of his son Oliver R. Etheridge as transferee of said security deed; the place for the name of the transferee at the time Mrs. Barry signed it was a dotted line followed by the words 'heirs and assigns', omitting the pronoun 'his or her'; 'Oliver R. Etheridge' was afterwards filled in on that dotted line."

There was no error in excluding this transfer. "An incomplete deed, being without a grantee, can not be completed in this respect without authority from the grantor." *Van Dyke* v. *Van Dyke*, 119 *Ga.* 830 (1) (47 S. E. 192). Under the statement of counsel before the court, it appears that the transfer was executed in blank, and the name of Oliver R. Etheridge was thereafter written in by H. A. Etheridge without the consent or knowledge of Mrs. Barry.

■ Special grounds 2 and 3 complain that the court committed error in refusing to allow in evidence the deed from Oliver R. Etheridge to C. O. Weidman, and the deed from Weidman to Mrs. Bessie R. Etheridge. The power of sale in the security deed from Wardlaw to Miss Lynch authorized the grantee, in the event of default in payment of the debt thereby secured, to advertise and sell the property "as attorney in fact for Wardlaw"; no authority was given to anyone else to exercise this power of sale. The court excluded the deed from Oliver R. Etheridge to Weidman on the ground that Oliver R. Etheridge as transferee did not have any authority to exercise the power of sale from Wardlaw to Miss Lynch.

This deed was properly excluded. Powers of sale in security

deeds must be strictly construed. Code, § 37-607. The power of sale in the security deed here involved being limited to the grantee, the transferee was without power to exercise the power of sale, and consequently his deed to Weidman in pursuance of the invalid sale did not convey any title. *Lewis* v. *King,* 165 *Ga.* 705 (141 S. E. 909); *McMullen* v. *Carlton,* 192 *Ga.* 282 (14 S. E. 2d, 719). The security deed here involved having been executed prior to the act of 1937 (Ga. L. 1937, p. 481; Code, Ann. Supp., § 37-607)—which in substance provides that, in the absence of stipulations to the contrary in the instrument, a power of sale may be exercised by the assignee of the instrument—that act does not apply in the instant case, because it was not retrospective in its operation. *Davis* v. *Buie,* 197 *Ga.* 835 (5), 842 (30 S. E. 2d, 861). There being no error in excluding the deed from Oliver R. Etheridge to C. O. Weidman, it follows that the court properly excluded the deed from Weidman to Mrs. Etheridge.

It was not error to direct a verdict in favor of the defendant, and to subsequently overrule the plaintiff's amended motion for new trial.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*